## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## (BEAUMONT DIVISION)

| | | |
|---|---|---|
| **JAMIE LEIGH JONES and JOSEPH DAIGLE** | § | |
| **Plaintiffs,** | § | |
| | § | **1·07CV0295** |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | **TH** |
| **HALLIBURTON COMPANY d/b/a KBR KELLOGG BROWN & ROOT (KBR); KELLOGG BROWN & ROOT SERVICES CORPORATION, INC.; KBR TECHNICAL SERVICES, INC.; OVERSEAS ADMINISTRATIVE SERVICES, LTD.; ERIC ILER, CHARLES BOARTZ; SEVERAL JOHN DOE RAPISTS; and THE UNITED STATES OF AMERICA** | § | **F I L E D**<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF TEXAS**<br><br>**MAY 1 6 2007**<br><br>DAVID J. MALAND, CLERK<br><br>DEPUTY_____ |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES, Jamie Leigh Jones, and file this suit against Halliburton Company d/b/a KBR Kellogg Brown & Root (KBR); Kellogg Brown & Root Services Corporation, Inc.; KBR Technical Services, Inc.; Overseas Administrative Services (OAS); Charles Boartz, Several other attackers, whose identities are currently only known as "John Doe"; and the United States of America, complaining about the sexual harassment, sexual discrimination, intentional infliction of emotional distress, sexual

–1–

assault, rape, physical injury and other personal injuries to Jamie Leigh Jones, and the related claims of Joseph Daigle, her husband.

For clarification, this case is not about a pinch on the backside, or a few politically incorrect jests at the office. Jamie Leigh Jones was first forced into a sexual relationship, against her will, with her supervisor, or risk losing her job at a time when her. After escaping that environment, she was harassed, and threatened in Baghdad, before she was ultimately the subject of a brutal sexual attack by several attackers who first drugged her, then repeatedly raped and injured her, both physically and emotionally. This attack never would have occurred but for the "boys will be boys" attitude that permeated the environment that defendants first created, then failed to warn Jamie about – an environment that was excused, if not encouraged, and of which the defendants had ample prior notice.

## NATURE OF THE CASE

1.    This is a Texas diversity, personal injury and employment discrimination and harassment case arising out of Jamie Jones' employment with Brown & Root Service, a Division of Kellogg Brown & Root, Inc. (KBR), and subsidiary of Halliburton Company, in Houston, Texas, and with OAS, another subsidiary of Halliburton, while at Camp Hope, Baghdad, Iraq. At all times relevant to these allegations, Camp Hope was under the direct control of Defendants, Halliburton and

the United States Government, which operated Camp Hope in connection with operations of the Department of State, and which has therefore waived sovereign immunity as to claims such as the one at bar. Charles Boartz and the other rapists were individuals working for Halliburton and under the joint control of Halliburton and the United States Government.

## PARTIES

2.     Plaintiff, Jamie Leigh Jones (hereinafter, "Jamie"), is the wife of Joseph Daigle a member of the United States Armed Forces, currently stationed at Coronado Island, California, who began working for KBR as an administrative assistant in 2004 at the age of 19 years, and executed her contract of employment with Overseas Administrative Services, Ltd. in Houston, Texas on July 21, 2005, at the age of 20.

3.     Plaintiff, Joseph Daigle (hereinafter, "Joseph"), is the lawful spouse of Jamie, and is a member of the United States Armed Forces, currently stationed at Coronado Island, California.

4.     Defendant, Halliburton Company d/b/a KBR Kellogg Brown & Root, (hereinafter, "Halliburton") is a Texas corporation headquartered in Houston, Harris County, Texas. It contracts for services related to government contracts throughout Texas, the United States, and Worldwide. Halliburton conducts business throughout the State of Texas and is, thus, amenable to jurisdiction in this State. This defendant

may be served with process by service upon its registered agent, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

5.    Defendants, Kellogg Brown & Root Services Corporation and KBR Technical Services, Inc., (hereinafter, collectively "KBR") are a Texas corporation with principle offices in Houston, Harris County, Texas. It contracts for services related to government contracts throughout Texas, the United States, and Worldwide. KBR conducts business throughout the State of Texas and is, thus, amenable to jurisdiction in this State. This defendant may be served with service of process by service upon its registered agent, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

6.    Defendant, Overseas Administrative Services, Ltd., is a Cayman Islands corporation doing business in the State of Texas with Halliburton, which failed to register with the Secretary of State in Texas as a company doing business in Texas. Therefore, service on OAS will be by service on the Secretary of State of the State of Texas, and upon Shadow Sloan, Esq., who, on information and belief, is the attorney representing that corporation. On information and belief, this corporation was set up as an off-shore tax shelter for Halliburton. (*see attached*)

7.    Charles Boartz is an individual who, on information and belief, is a resident of the state of Florida, who was employed by Halliburton/KBR at all times

–4–

relevant to this suit, and whose last known address is: 9853 Creet Circle, Navarre, Florida 32566.

8.    The several "John Doe Rapists" are individuals who, on information and belief, were Halliburton employees who were employed as firefighters by Halliburton in Iraq.

9.    Defendant, the United States of America, is a governmental entity who is properly before this court. However, the time has not run from the filing of the Federal Tort Claim for the filing of this suit, and a stay as to claims against the United States is therefore warranted, if same is requested.

## JURISDICTION, VENUE AND LIMITATIONS

10.    Jurisdiction is based on diversity of citizenship and federal question. 28 U.S.C. §1332. The amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. The Defendants regularly conduct business within the district, and the contract of employment executed by Jamie at the time of her employment designates Texas as the contractual jurisdiction to be utilized. Therefore, venue is permissible in this District pursuant to 28 U.S.C. §1391. Because of the national significance of the matters at issue in this case, Plaintiffs believe that the determination of this case involves issues of unique federal interest,

and raises questions of law "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. §1391.

11.    Because this case involves various plaintiffs and various defendants, federal questions of law, and issues that should be resolved at one forum, it is properly before this court, despite the fact that an arbitration agreement purporting to bind some issues exists in this case. Even if the arbitration is binding as against Jamie to some defendants on some issues, it does not prevent her claims as to others. Moreover, her husband is not bound by any agreement whatsoever, making his claims properly before this Court. Plaintiff's respectfully ask this court to exercise its discretion to bring all known causes of action to one forum – this court, in the interest of judicial economy, justice and fairness to the parties.

## FACTS

It has become necessary to file this suit as a result of the following facts.

12.    Between 2004 and July 21, 2005, Jamie was employed by Halliburton/KBR as an administrative assistant in Houston, Texas, at that time, her immediate supervisor, Eric Iler, was aware of Jamie's sick mother at home following a complicated surgical procedure with a difficult post-surgical course, and utilized his influence over her employment to extract sexual favor from Jamie.

13.    Eventually, Jamie obtained evidence of the sexual harassment of her

supervisor and demanded that he remove her to another department.

14.    Once removed from the oversight of Eric Iler, Jamie was transferred to work for Overseas Administrative Services, Ltd., in Houston, Texas, beginning July 21, 2005, she was then transferred to an assignment at Camp Hope, Iraq.

15.    Upon learning that Jamie was moving to Iraq, Eric Iler attempted to gain a position in Iraq as a supervisor over Jamie. Jamie reported this concern to Frederick Heard, an operations manager, who assured Jamie that Eric Iler would be assigned another section. Eric Iler then informed Jamie that he would be putting a "bad recommendation" in her file, which he did, by writing such a letter to William Tompkins, her subsequent supervisor, in an apparent attempt to thwart her transfer.

16.    Beginning July 25, 2005, Jamie lived and worked at Camp Hope, Baghdad, Iraq. Jamie was housed, during her off-duty hours, in a two-story living quarters which consisted of a room on a co-ed floor in a predominantly male barracks. This facility was under the direct control and supervision of defendants, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC. and THE UNITED STATES, herein. Jamie's room was located at the end of a hall on the second floor. There was no bathroom on that floor - which forced Jones to walk past several men's rooms in order to get to the women's restroom on the first

floor, enduring "catcalls" and partially dressed men. It is worthy of noting that the use of alcoholic beverages was permitted at this location at this time, and several of the men were often drinking.

17.     On July 27, 2007, Jamie complained to several Halliburton and KBR managers, employees, servants, agent, officers and/or representatives about the sexually hostile living conditions and asked to be moved to a safer location. This report was made to Houston supervisory personnel, and she was advised to "go to the spa." No action was taken nor was any consideration made regarding her untenable living conditions.

18.     Tragically, on the evening of July 28, 2007, during her off-duty hours, Jamie was drugged (by what was believed to be Rohypnol) and brutally raped by, on information and belief, several Halliburton/KBR firefighters, including defendant, Charles Boartz, while she was in her room in the barracks. When she awoke the next morning still affected by the drug, she found her body naked and severely bruised, with lacerations to her vagina and anus, blood running down her leg, her breast implants were ruptured, and her pectoral muscles torn – which would later require reconstructive surgery. Upon walking to the rest room, she passed out again. When she returned to the living area, she found Charles Boartz lying in her bottom bed. She asked him what had happened, and he confessed to having unprotected sex with her.

Jamie reported the rape to the Pete Arroyo, one of the operations personnel, who then took her to a KBR medical personnel. The U.S. State Department Diplomatic Security was informed and a rape kit was administered at the combat area surgical hospital run by the U.S. Army.

19.    While Jamie was living and working at Camp Hope, the entire facility was under the direct control and authority of the U.S. Department of State, U.S. Department of Defense, KBR, and Halliburton, collectively.

20.    As a result of the aforementioned, tolerated abusive behavior, sexual harassment, and ultimate rape, both Jamie and Joseph have suffered significant harm as set forth herein.

## LEGAL THEORIES AND CAUSES OF ACTION

21.    Defendants, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., OVERSEAS ADMINISTRATIVE SERVICES, LTD., CHARLES BOARTZ, and the JOHN DOE RAPISTS are liable under one or more different, alternative theories of liability recognized under Texas, and federal, law.

**COUNT I**
**NEGLIGENCE OF**
**DEFENDANTS, HALLIBURTON AND KBR**

22.    Jamie and Joseph hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

23.    Jamie and Joseph plead and will prove that at all times Jamie's conduct was professional and in no way contributed to and/or caused the hostile work environment in which defendants placed her, or the unwelcomed sexual harassment and physical attacks on her person. Jamie, as a female employee is protected against sexual harassment under federal law. At all times prior to the assault, Defendants were placed on actual and/or constructive notice of the hostile and sexually charged environment, and of the sexual harassment and concerns regarding the unsafe living conditions of Jamie, in particular. They were, additionally, warned of the foreseeable impending dangers. The harassment, sexual abuse, and sexual assault have negatively impacted the terms, conditions, and privileges associated with Jamie's employment, and continue to do so. Jamie has suffered debilitating, and permanent injuries for which Defendants herein are responsible.

24.    Pleading further, Jamie and Joseph will show that Defendants, jointly and severally, are responsible for several acts of negligence which were a cause of the incidents, subsequent injuries and damages suffered by them.

Such acts of negligence include, but are not limited to:

(a)    Failing to exercise ordinary or reasonable care in hiring, training,

–10–

supervising and maintaining their employees, servants, agents, officers and representatives;

(b)    Failing to exercise ordinary or reasonable care in providing a safe working environment;

(c)    Failing to exercise ordinary or reasonable care in providing a safe living environment;

(d)    Failing to exercise ordinary or reasonable care in responding to requests of its residents, employees, servants, agents, officers and representatives, specifically Jamie's requests to be moved to a safer environment;

(e)    Failing to recognize, implement and adhere to applicable rules and regulations pertaining to their employees, servants, agents, officers and representatives and their work environments, including permitting alcoholic beverages on the premises with co-ed barracks, with knowledge of the dangers created by its consumption; the failure to provide separate living quarters for male and female residents, and others;

(f)    Failing to provide proper, adequate and sufficient protection to Jamie at her living quarters in Iraq;

(g)    Failing to properly supervise the project in question;

(h)    Failing to properly supervise the premises in question;

(i)    Failing to warn Jamie of the inherent dangers of her living environment;

(j)    Failing to devise a proper policy or plan for placement of females in their working and/or living environment;

(k)    Failing to respond in a timely and appropriate manner, despite actual and/or constructive knowledge of the on-going sexually-charged environment and the sexual harassment which permeated Halliburton/KBR's Iraq premises;

(l)    Failing to supervise employees so as to prevent attacks such as Jamie suffered.

25.    Jamie and Joseph would show, in the alternative, without waiving the above, that Defendants, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC. were the occupier/general contractor of the premises in question and that as the occupier/general contractor, the Halliburton Defendants owed a duty to Jamie to warn of and/or correct hidden dangers. Further, Defendants had actual knowledge of the condition that posed an unreasonable risk of harm to Jamie, and other women in her circumstances. Defendants had a duty to take reasonably prudent precautions under the circumstances to reduce or to eliminate the unreasonable risk from that condition and Defendants failed to do so.

26.    Pleading further Jamie and Joseph would show that Defendants HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT,

KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., and OVERSEAS ADMINISTRATIVE SERVICES, LTD., were involved in a joint enterprise as that term is defined in law. At all times relevant hereto, the Halliburton Defendants had an agreement, either express or implied, with respect to the recruitment, training, placement, construction, employment and policies and procedures that entail work in Iraq for the employees of OVERSEAS ADMINISTRATIVE SERVICES, LTD. Further, they had a common purpose and a common business or pecuniary interest with an equal right to direct and control the enterprise. For the purpose set forth herein, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., and OVERSEAS ADMINISTRATIVE SERVICES, LTD. , are jointly and severally responsible for the injuries and damages sustained by Jamie Jones and Joseph Daigle.

27.    Defendants are jointly and severally responsible for the acts and omissions in this co-venture. Furthermore, the Defendants are responsible for the acts and omissions of their employees, servants, agents, officers and representatives including, without limitation, under the doctrine of *respondeat superior*, agency and non-delegable duty.

28.    At the time of the incident giving rise to Jamie's claims, she was a

healthy, employable human being with a life expectancy of 62.3 years, according to recent Life Tables published by the United States Census Bureau, a copy of which will be used at trial. According to the U.S. Labor Department table, Plaintiff had an average work life expectancy of 45 years until the age of 65, a copy of which will be used at trial.

29.    As a direct and proximate result of the allegations contained herein, Jamie and Joseph have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

**COUNT II**
**NEGLIGENT UNDERTAKING OF**
**DEFENDANT, HALLIBURTON, KBR AND OAS**

30.    Jamie and Joseph hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

31.    Jamie and Joseph would also show that Defendants HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD., and the employees, servants, agents, officers and representatives of each, negligently undertook to provide proper training, adequate and sufficient safety precautions, adequate and sufficient policies and procedures in the recruitment, training and placement of personnel in Iraq and therefore, owed a duty to

Jamie pursuant to common law and § 323 of the Restatement (Second) of Torts.  To wit:

> One who undertakes, gratuitously, or for consideration, to render services to another which he should recognize as necessary for the protection of the other person or things, is subject to liability to the other for physical harm resulting from this failure to exercise care to perform his undertaking, if:
>
>     a.    his failure to exercise such care increases the risk of such harm, or
>
>     b.    the harm is suffered because of the other's reliance upon the undertaking.

As such, Halliburton/KBR owed a non-delegable duty to Jamie to keep her safe from harm and/or injury.  Defendant's breached their non-delegable duty which it owed to Jamie to keep her safe from harm and/or injury by permitting its employees to possess, maintain, and consume substantial amounts of alcohol, and by failing to provide adequate security measures and/or personnel to protect Jamie.

32.    As a proximate result of the negligent acts and omissions described herein, Defendants, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD. breached these duties, resulting in injuries and damages to Jamie and Joseph.

33.    Defendants, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR

TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD. breached their respective duties owed to Jamie and Joseph by allowing, without warning or correction, Jamie to enter into, work in, and be housed in, an unsafe and hostile area (in this instance, hostile from "*friendly*", rather that enemy forces). This breach was a proximate cause of Jamie and Joseph's injuries set forth below. Said defendants were negligent in that, *inter alia*:

a)  They failed to properly investigate the history of Jamie's assailants prior to hiring them when they should have known, or did know, of the assailants' criminal and/or violent propensities;

b)  They failed to properly supervise the assailants in the course and scope of their duties so as to prevent them from unlawfully acting upon those sexual and/or violent propensities;

c)  They failed to properly supervise these assailants so as to prevent them from possessing, storing, and consuming substantial quantities of alcohol;

d)  They failed to further investigate, reassign, and/or discharge these assailants (including Charles Boartz) when they should have known that they were unfit and unsafe employees;

e)  They permitted these rapists to remain in the barracks in close proximity to, and with easy access to victims such as Jamie, which resulted in the brutal attack set

forth in this complaint.

34.    As a direct and proximate result of the allegations contained herein, Jamie and Joseph have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

**COUNT III**
**NEGLIGENCE OF**
**UNITED STATES OF AMERICA**

35.    Jamie and Joseph hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

36.    Defendant, The United States Government voluntarily entered Iraq, destroyed its infrastructure, including its court system, and continues to own, occupy, manage, and control United States military bases, at which the government invites United States civilian contractors live and work under the protection of the United States military. Nevertheless, the United States failed to provide a living and working environment, that was reasonably safe from the sexual and other physical attacks of its own citizens and/or employees by other United States citizens/employees and/or contractors at Camp Hope, in Baghdad, Iraq, in violation of the Civil Rights Act of 1964 §703(a), 42 U.S.C.A. § 2000e-2(a), including failing to maintain adequate security measures at facilities intended to house female non-combatants.

37.    Jamie and Joseph plead and will prove that at all times Jamie's conduct

was professional and in no way contributed to and/or caused the hostile work environment in which the United States placed her, or the unwelcomed sexual harassment and sexual assault on her person. Jamie, as a female employee is protected against sexual harassment under federal law. At all times prior to the assault, Defendants were placed on actual and/or constructive notice of the hostile and sexually charged working and living environments, and the sexual harassment of Jamie, in particular. They were, additionally, warned of the foreseeable impending dangers. The harassment and sexual abuse has negatively impacted the terms, conditions, and privileges associated with Jamie's employment, and continue to do so. Jamie has suffered debilitating, and permanent injuries for which Defendants herein are responsible.

38.    The United States of America is in possession of a claim filed on behalf of the Plaintiff, Jamie Jones, herein, and has not yet responded to this claim.

39.    As a direct and proximate result of the allegations contained herein, Jamie and Joseph have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## COUNT IV
## SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT CREATED BY DEFENDANT, HALLIBURTON, KBR AND OAS

40.    Jamie and Joseph hereby incorporate all paragraphs of this Complaint into

this Count, as if they were fully alleged herein, and further alleges as follows:

41.    Pleading in the alternative without waiving the above allegations and while incorporating the factual allegations stated herein above, Jamie and Joseph would show that during her employment in Iraq, Jamie was subject to and the target of sexual harassment by employees, agents and/or ostensible agents or employees of HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD.    The sexual harassment was both verbal and abusive. Jamie's conduct was professional and in no way contributed to and/or caused the hostile working/living environment in which Halliburton/KBR placed her, or the unwelcomed sexual harassment and physical assault on her person.    Jamie, as a female employee is protected against sexual harassment under federal law. At all times prior to the assault, Defendants were placed on actual and/or constructive notice of the hostile and sexually charged environment, and the sexual harassment of Jamie, in particular. They were, additionally, warned of the foreseeable impending dangers. The harassment and sexual abuse has negatively impacted the terms, conditions, and privileges associated with Jamie's employment, and continue to do so.    Jamie has suffered debilitating, and permanent injuries for which Defendants herein are responsible.

42.    Because this environment of harassment was allowed and/or encouraged to exist unchecked, it created an atmosphere physically threatening to the Jamie. Defendants conduct (or lack thereof) created and fostered a sense of superiority to male supervisors and others which allowed them to harass and abuse persons such as Jamie, in violation of the Civil Rights Act of 1964 §703(a), 42 U.S.C.A. § 2000e-2(a).

43.    This environment allowed, caused and/or contributed to the eventual physical assault upon Jamie, which caused both the extreme physical and emotional damages with which Jamie and Joseph continue to suffer.

44.    As a direct and proximate result of the allegations contained herein, Jamie and Joseph have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## COUNT V
## RETALIATION
## BY DEFENDANT, HALLIBURTON, KBR AND SEII

45.    Jamie and Joseph hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

46.    Pleading in the alternative and without waiving the above allegations and while incorporating the factual allegations stated herein above, Jamie would show that while she actively pursued a solution to the sexual harassment and hostile work environment she received little or no help. In fact, she was ridiculed, threatened and

harassed because of her requests to Eric Iler that he stop forcing her to have the sexual relationship with him, as more specifically stated herein above. And when she finally escaped his supervision, he provided a false report of her performance to her new supervisor. Because of the retaliation on the part of the Defendant, Jamie and Joseph seek all remedies set forth herein below.

47.    Jamie and Joseph would show that HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC. exercised significant control over the actions of Jamie's employer, OVERSEAS ADMINISTRATIVE SERVICES, LTD., and that Halliburton/KBR through its employees, including Eric Iler, used its influence to retaliate against Jamie's reports of harassment and hostile work environment above.

48.    Jamie and Joseph would further show that, after Jamie reported the rape incident to her supervisors, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC, and OVERSEAS ADMINISTRATIVE SERVICES retaliated against her in the following manner:

a.    Immediately following her physical examination, she was placed in a trailer with a bed, a shower and a sink, but without a television, and was refused phone calls to her family despite repeated requests, which amounted to a false imprisonment;

b.    She was confronted by KBR supervisors, who gave her two options:

    i.    Stay and "get over it"; or

    ii.    Return home without the "guarantee" of a job on return.

These options amounted to an unlawful threat to terminate her job for reporting her attack, and dealing with its aftermath.

Ultimately, Jamie was able to convince a guard to let her call her father on his cellular phone. Jamie's father was then able to enlist congressional assistance to get his daughter home.

49.    As a direct and proximate result of the allegations contained herein, Jamie and Joseph have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## COUNT VI
## AGENCY, JOINT VENTURE, JOINT ENTERPRISE, DIRECT CORPORATE LIABILITY

50.    Jamie and Joseph hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

51.    HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD. are vicariously liable for the conduct of their employees, agents and ostensible agents,

including Eric Iler, Charles Boartz, the "John Doe Rapists" and others, under theories of actual agency, apparent agency, ostensible agency, and agency by estoppel.

52.    In the alternative, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD., their employees, agents and ostensible agents, engaged in joint ventures, joint enterprises, and/or are liable under the direct corporate liability theory, and/or are liable under the theory of *respondeat superior*.

53.    Defendants' conduct was unreasonable, or negligent, and was a proximate cause of Jamie Jones' sexual harassment, sexually hostile work environment, and sexual assault. The negligence includes failure to comply with company policies regarding sexual misconduct, failure to comply with federal law regarding sexual harassment and sexually charged work place, failure to prevent retaliatory behavior following a complaint by the victim, negligent misrepresentations, and covering up the allegations by failing to assist with the investigation of same.

54.    Defendants are liable for breach of express and implied warranties, which breach is cognizable, not only under the common law, but also via the Texas Deceptive Trade Practices Act.

55.    All theories of liability and recovery are pled cumulatively and alternatively, with no election of remedies until such time as the trier of fact has resolved disputed issues of fact and the Court compels such an election, if, in fact, the Court does so.

56.    As a direct and proximate result of the allegations contained herein, Jamie and Joseph have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## COUNT VII
## BREACH OF CONTRACT

57.    Jamie and Joseph hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

58.    HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD. breached their contract of employment with Jamie in each of the following particulars:

    a.    The "Employment Agreement" between Service OVERSEAS ADMINISTRATIVE SERVICES, LTD. was executed on July 21, 2005 purports to cover the employment-related matters

–24–

between the Plaintiff and OAS;

b.    OAS and/or the other defendants named herein breached the specific and implied warranties of security against violations of security rules as set forth by paragraph 15 (a) of the Employment Agreement;

c.    OAS and/or the other defendants named herein breached the specific and implied warranties of protection against violations of Corporate Policies regarding Standards of Conduct as set forth by paragraph 16 of the Employment Agreement;

d.    OAS and/or the other defendants named herein breached the specific and implied warranties of protection against violations of Project and/or Work Location Policies regarding Standards of Conduct as set forth by paragraph 16(a) of the Employment Agreement;

e.    OAS and/or the other defendants named herein breached the specific and implied warranties of protection against misconduct of other employees as set forth by paragraph 16(b) of the Employment Agreement;

f.    OAS and/or the other defendants named herein breached the

specific and implied warranties of protection against Illegal

Actions as set forth by paragraph 16(m) of the Employment

Agreement;

g.    OAS and/or the other defendants named herein breached the

specific and implied warranties of protection against Sexual

Harassment as set forth by paragraph 16(n) of the Employment

Agreement;

h.    OAS and/or the other defendants named herein breached the

specific and implied warranties of protection against sexual

advances by an employee within the chain of command or

sphere of influence of Jamie as set forth by paragraph 16(p) of

the Employment Agreement.

59.    As a direct result of the aforesaid breaches of the Employment

Agreement, Jamie was enticed to travel into Baghdad, Iraq, and to place her person

in harm's way from the very people who were purported to be working on "her

side." Therefore, she was harmed, as set forth herein.

60.    As a direct and proximate result of the allegations contained herein,

Jamie and Joseph have suffered the damages set forth more fully herein, all of

which are in excess of $100,000.00.

## COUNT VIII
## FRAUD IN THE INDUCEMENT TO ENTER THE EMPLOYMENT CONTRACT

61.    Jamie and Joseph hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

62.    HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD. fraudulently induced Jamie to enter into the contract of employment with OAS on July 21, 2005, by misleading her *inter alia* in each of the following particulars:

      a.    At all times relevant to the discussion leading up to the execution of the employment contract in this case, and at the time of its execution, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD. were aware of the repeated sexual attacks, sexual harassment and mistreatment of women in and around Baghdad, Iraq, by United States citizens in general, and its own employees, in particular, yet actively concealed this fact from women who were being asked to serve in

–27–

that arena, particularly, Jamie;

b.    HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD. each knew that personal safety was an issue that would have been significant to any applicant for service in Iraq, particularly Jamie Jones, and that the concealed knowledge would likely have prevented women in general, and Jamie Jones, in particular, from entering into a contract of employment which required her to go to Iraq under those conditions;

c.    HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD. each actively concealed knowledge of the dangers of sexual harassment, assault, rape, and other related acts from women who were enticed to travel, unprotected and unprepared, into this hostile environment;

d.    HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN

–28–

& ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD. each participated in presenting a contract of employment, along with a pamphlet for outlining grievance procedures and complaints, in a knowing and active inducement to women in general, and Jamie in particular, to execute a contract to accept dangerous employment, while having full knowledge of the dangers from its own employees, and concealing that fact;

e.    The "Employment Agreement" between Service OVERSEAS ADMINISTRATIVE SERVICES, LTD. purports to cover the employment-related matters between the Plaintiff and OAS; yet, despite the knowledge of HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD. that women were being raped and assaulted by Halliburton employees and/or those of its subsidiaries in Iraq, such acts were specifically omitted from the contract of employment as a known and

foreseeable risk, in an active effort to conceal the very nature of the working and living environment into which women such as Jamie, and Jamie herself, would be thrust;

f.    Jamie Jones relied upon the misrepresentations of fact regarding the safety measures for women in Iraq (at least as they pertained to her fellow countrymen in general, and her co-workers, in particular) when she entered into the contract of July 21, 2005;

g.    If the true nature of the employment had been made known to Jamie, she would not have executed the contract, would not have been sent to Iraq, would not have been brutally raped by the Halliburton employees in Baghdad, and would not have suffered the injuries enumerated in this complaint.

63.    As a direct and proximate result of the allegations contained herein, Jamie and Joseph have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## COUNT IX
## ASSAULT AND BATTERY- CHARLES  BOARTZ AND SEVERAL JOHN DOE RAPISTS

64.    Jamie and Joseph hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

65.    CHARLES BOARTZ AND SEVERAL JOHN DOE RAPISTS,

conspired to drug Jamie with the intent of raping her once she became unconscious.

66.    CHARLES BOARTZ AND SEVERL JOHN DOE RAPISTS raped

Jamie while she was unconscious and incapable of consenting to said forcible acts

of sexual intercourse, sodomy, and brutality.

67.    Defendants' acts were intentional, outrageous, reckless and with

malice.

68.    As a direct and proximate result of the allegations contained herein,

Jamie and Joseph have suffered the damages set forth more fully herein, all of

which are in excess of $100,000.00.

## COUNT X
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

69.    Jamie and Joseph hereby incorporate all paragraphs of this Complaint

into this Count, as if they were fully alleged herein, and further alleges as follows:

70.    HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN &

ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL

SERVICES, INC., AND OVERSEAS ADMINISTRATIVE SERVICES, LTD.

each acted (as set forth herein) intentionally and/or recklessly, in a manner which

was extreme and outrageous under the circumstances, and which caused severe

emotional distress to Jamie and Joseph.

71.    As a direct and proximate result of the allegations contained herein, Jamie and Joseph have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## PROXIMATE CAUSE

72.    Jamie and Joseph hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

73.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly and/or severally, constitute a direct and proximate cause of the injuries and damages set forth below.

74.    As a direct and proximate result of the allegations contained herein, Jamie and Joseph have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## DAMAGES AND REMEDIES

75.    Jamie and Joseph hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further allege as follows:

76.    As a direct and proximate result of the aforementioned abuse, harassment and attacks on the part of these defendants, jointly and severally, Jamie Jones was caused to suffer serious injuries. As a result of same, Jamie has suffered the following

damages:

    a.    Reasonable medical care and expenses in the past. These expenses were incurred by Jamie for the necessary care and treatment of the injuries resulting from the incident complained of herein, and such charges are reasonable and were usual and customary charges for such services;

    b.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future.

    c.    Physical pain and suffering in the past;

    d.    Mental anguish in the past;

    e.    Physical pain and suffering in the future;

    f.    Mental anguish in the future;

    g.    Physical impairment and disfigurement in the past;

    h.    Physical impairment and disfigurement which, in all reasonable probability, will be suffered in the future.

    i.    Loss of earnings in the past;

    j.    Loss of earning capacity which will be, in all probability, incurred in the future;

    k.    Fear of a future disease condition;

l.      Cost of medical monitoring and prevention in the future.

77.    As a direct and proximate result of the abuse and attack on his wife, Joseph Daigle was also injured. As a result of same, Joseph has suffered the following damages:

a.      Reasonable medical care and expenses in the past. These expenses were incurred by Jamie for the necessary care and treatment of the injuries resulting from the incident complained of herein, and such charges are reasonable and were usual and customary charges for such services;

b.      Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future.

c.      Mental anguish in the past;

d.      Mental anguish in the future;

e.      Loss of earnings in the past;

f.      Loss of earning capacity which will, in all probability, be incurred in the future;

g.      Loss of Consortium;

h.      Loss of the care, comfort, society, services and companionship of his spouse, Jamie Jones;

i.    Cost of medical monitoring and prevention in the future.

## GROSS NEGLIGENCE/EXEMPLARY DAMAGES

78.    Jamie and Joseph re-allege and incorporate each allegation contained in Paragraphs hereinabove of this Petition as fully set forth herein.

79.    Without waiving the foregoing, Jamie and Joseph seek exemplary damages pursuant to Texas Civil Practices and Remedies Code §41.003(3) and pursuant to the definition of "Gross Negligence" as provided in §41.001(11)(A) and (B). Specifically, defendants, HALLIBURTON COMPANY d/b/a KBR KELLOGG BROWN & ROOT (KBR); KELLOGG BROWN & ROOT SERVICES CORPORATION, INC.; KBR TECHNICAL SERVICES, INC.; OVERSEAS ADMINISTRATIVE SERVICES, LTD.; ERIC ILER, CHARLES BOARTZ; SEVERAL JOHN DOE RAPISTS; completely, recklessly, maliciously, and/or with conscious or reckless indifference, ignored the probability and magnitude of the potential harm to others, including Jamie Jones, by creating the hostile, sexually charged work environment and living conditions for women in Iraq, and for its handling of her complaints. When viewed objectively from the standpoint of HALLIBURTON COMPANY d/b/a KBR KELLOGG BROWN & ROOT (KBR); KELLOGG BROWN & ROOT SERVICES CORPORATION, INC.; KBR TECHNICAL SERVICES, INC.; OVERSEAS ADMINISTRATIVE SERVICES, LTD.; ERIC ILER, CHARLES

BOARTZ; SEVERAL JOHN DOE RAPISTS; at the time of their acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Jamie Jones. Furthermore, each defendant named herein had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifferences to the rights, safety and welfare of others, including Jamie.

80.    As a result of the gross neglect and legal malice of each of the named defendants, Jamie and Joseph seek an award of exemplary damages under TEX. LAB. CODE §408.001(b) and Article 16, Section 26 of the Texas Constitution.

81.    Defendants knowingly, and with wanton disregard for the welfare of Jamie Jones, ignored her complaints, failed to investigate her reports of misconduct, and instead retaliated against her for having attempted to better her working and living conditions. In doing so, they placed Jamie at an extreme degree of risk of continued sexual harassment and sexual assault in the context of "boys will be boys," considering the probability and magnitude of the potential harm to her, which, when viewed objectively from the standpoint of the reasonable person was foreseeable at the time they ignored her complaints.

82.    Defendants' negligent acts and/or omissions, individually and jointly, constituted a conscious disregard of an extreme degree of risk, all of which led to the

injuries and damages of Jamie and Joseph.

83.    If the trier of fact finds the requisite degree of culpability required by Texas law for an assessment of punitive or exemplary damages, Plaintiffs seek such an award as is right and just.

84.    Plaintiffs are also entitled to recover prejudgment interest and costs of court.

## **JURY DEMAND**

85.    Plaintiffs hereby invoke their right to trial by jury.


WHEREFORE, Plaintiffs pray that the Defendants be cited to appear and answer herein, and that, after a trial, they receive such monetary damages, both actual and exemplary, and other relief as is sought herein and appropriate under the law and the facts.

Respectfully submitted,

L. Todd Kelly
**THE KELLY LAW FIRM, P.C.**
Texas Bar No. 24035049
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 255-2055
Fax. (713) 523-5939

Paul Waldner
**VICKERY, WALDNER & MALLIA, L.L.C.**
Texas Bar No. 20679800
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 526-1100
Fax. (713) 523-5939

&

Stephanie M. Morris
ATTORNEY AT LAW
Member of D.C. and PA. Bars
1660 L. Street, N.W., Suite 506
Washington, D.C. 20036
Tel. (202) 536-3353
Fax. (202) 463-6328

***ATTORNEYS FOR PLAINTIFF, JAMIE JONES AND JOSEPH DAIGLE***

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record were served with true and correct copies of the attached document on this __16ᵀᴴ__ day of May, 2007:

*Shadow Sloan, Esq.*
***VINSON & ELKINS, LLP***
*First City Tower*
*1001 Fannin Street, Suite 2300*
*Houston, Texas 77002-6760*



Halliburton subsidiaries in offshore tax-havens.

AOC Services Limited - Jersey
Avalon Financial Services - Cayman Islands
Baroid Caribbean Limited Brown & Root (Overseas) Limited - Jersey
Brown & Root Cayman Holidings - Cayman Islands
Brown & Root International - Panama
Caspian Transco Inc. - Cayman Islands
Dresser AG - Liechtenstein
Dresser Anstalt - Liechtenstein
Dresser Investments - Netherlands
Antilles Dresser-Rand
C.I. Limited - Cayman Islands
Grove Foreign Sales Corp. - Barbados*
Halliburton Energy Development (Kazakhstan) Limited - Cayman Islands*
Halliburton energy Development - Cayman Islands
Halliburton Geophysical Services - Cayman Islands
Halliburton Latin America - Panama
Halliburton Offshore Servcs Inc. - Cayman Islands*
Halliburton Overseas Limited - Cayman Islands
Halliburton Products & Svcs. - Cayman Islands
Halliburton West Africa Ltd. - Cayman Islands
Halliburton Worldwide Ltd. - Cayman Islands*
Halson Financial Svcs. - Cayman Islands*
HGS enterprises Inc. - Panama
International Admin. Svcs. - Cayman Islands*
International Oil Field Engr. - Cayman Islands
Kellogg Foreign Sales Corp. - Barbados
Kellogg Int'l Services - Cayman Islands
Kellogg ISL Ltd. - Cayman Islands
Kellogg Overseas Corp. - Panama
Kellogg-Chiyoda Services - Cayman Islands
Kinhill Kramer (Vanuatu) - Vanuatu
Kinhill Kramer Solomon - Solomon
Landmark Sales Corp. - Barbados
MWKL Field Services - Cayman Islands
Overseas Administration Servcs - Cayman Islands*
Petroleum and Industrial Maintenance Co. Ltd - Cayman Islands
Professional Resources Ltd. - Bermuda
Property and Casualty Insurance
Limited - Vermont - Bermuda
Security DBS (MEM) E.C. - Bahrain
Service Employees Int'l Inc. - Cayman Islands
Shaw International Ltd. - Barbados

*(Source: Halliburton 10-K, Exhibit 21, filed with the SEC in 2000)*

About Citizen Works | Contact Us | Privacy Policy | Jobs/Internships
ALL CONTENT © 2004 CITIZEN WORKS



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Mickey Leland Federal Building
1919 Smith Street, 7th Floor
Houston, TX 77002-8049
(713) 209-3320
TTY (713) 209-3439
FAX (713) 209-3381

330-2006-00968                                    Charge Number

Jamie Leigh Jones                                 Charging Party
15596 IH 45 South 3004
Conroe, TX 77384

Kellogg Brown & Root ("KBR")                      Respondent
4100 Clinton Drive
Houston, TX 77020
Attn:  Celia Balli, Attorney
Legal Department

## LETTER OF DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue on behalf of the Commission the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

All requirements for coverage have been met. On January 24, 2006, Charging Party Jamie Leigh Jones filed a charge of discrimination alleging sexual harassment. Charging Party alleges that upon her arrival in Baghdad, Iraq she was assigned to all male living quarters and subsequently was drugged and sexually assaulted by several employees of Respondent.

Respondent denies Charging Party was assigned to an all male barracks and contends that those barracks were co-ed, and there were approximately 25 other females assigned to the same barracks with Ms. Jones. Respondent asserts that the alleged assailant claims Charging Party consented to have sex with him. Respondent also maintains that its efforts to investigate the alleged assault was halted by the U.S. State Department officials telling Respondent they were taking over the investigation.

The investigation revealed that Charging Party was in Baghdad, Iraq for less than one week when the attack allegedly occurred. According to Charging Party's credible testimony, she reported the attack and sought medical attention. Respondent provided medical assistance, placed her in a secure location, and transported her back to the United States. The investigation credits Charging Party's testimony that she was indeed sexually assaulted by one or more of Respondent employees and physical trauma was apparent. Respondent's investigation was inadequate and did not effect an adequate remedy.

Based on the evidentiary record, the Commission credits Charging Party's claim of sexual harassment and finds cause to believe the Respondent violated Title VII of the Civil Rights Act of 1964, as amended. The Commission did not corroborate Charging Party's claim that she was assigned to an all male living quarters.

This determination does not conclude the processing of this charge. EEOC will begin conciliation efforts to resolve all matters where there is reason to believe that violations have occurred. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Title VII and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to the aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

5/8/2007
Date

R.J. Ruff, Jr.
District Director

cc:

Shadow Sloan, Respondent's Attorney
Vinson & Elkins
First City Tower
1001 Fannin St., Suite 2300
Houston, TX 77002-6760

Stephanie Morris, Charging Party's Attorney
1660 L Street NW, Suite 506
Washington, D.C. 20036