UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMIE JONES and JOSEPH | § | |
| DAIGLE, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:07-CV-0295 |
| | § | |
| HALLIBURTON COMPANY d/b/a | § | |
| KBR KELLOGG BROWN & ROOT | § | |
| (KBR); KELLOGG BROWN & ROOT | § | |
| SERVICES, INC.; BROWN & ROOT | § | |
| INTERNATIONAL, INC.; KELLOGG | § | |
| BROWN & ROOT, LLC; KELLOGG | § | |
| BROWN & ROOT, INC.; KELLOGG | § | |
| BROWN & ROOT, S. de R.L.; KELLOGG | § | |
| BROWN & ROOT (KBR), INC.; KBR | § | |
| TECHNICAL SERVICES, INC.; | § | |
| OVERSEAS ADMINISTRATIVE | § | |
| SERVICES, LTD.; ERIC ILER, | § | |
| CHARLES BOARTZ; SEVERAL | § | |
| JOHN DOE RAPISTS, and THE | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO
## PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, Halliburton Company, Kellogg Brown & Root Services, Inc., Kellogg

Brown & Root International, Inc., Kellogg Brown & Root LLC, Kellogg Brown & Root, Inc.,

Kellogg Brown & Root S. de R.L., KBR, Inc., KBR Technical Services, Inc., and Overseas

Administrative Services, Ltd. ("Defendants") file this answer to Plaintiffs' first amended

complaint as follows.

The above named Defendants acknowledge that Plaintiffs have filed suit alleging various

causes of action, but deny that any of the claims have merit. Defendants object to the

sensationalized and inaccurate description of the facts gratuitously added in the preamble of the

complaint. Defendants deny all the allegations in the first amended complaint which are not specifically admitted below and reserve the right to further amend this answer.

## I.    Nature of the Case

1.    Defendants admit that Plaintiffs have brought this action asserting the claims described in paragraph 1, and that Jamie Jones was a direct employee of KBR Technical Services, Inc. (KBRTSI) in Houston, Texas, and Overseas Administrative Services, Inc. (OAS) in Iraq, and that Camp Hope was under the jurisdiction of the United States Department of State, but deny the remaining allegations of paragraph 1.

2.    Defendants admit that Ms. Jones was hired by KBRTSI as an administrative assistant in Houston, Texas on April 15, 2004 and that she signed a written employment agreement with Overseas Administrative Services, Ltd. effective on July 21, 2005. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 2 and therefore deny same.

3.    Defendants are without sufficient information to admit or deny the allegations of paragraph 3 and therefore deny same.

4.    Defendants admit that Halliburton Company is headquartered in Houston, Harris County, Texas; that Halliburton conducts business in Texas; and that Halliburton may be served with process through its registered agent, CT Corporation System, of Houston, Texas, but denies the remaining allegations of paragraph 4.

5.    Defendants admit that KBR, Inc. is the ultimate parent company of Kellogg Brown & Root International, Inc., Kellogg Brown & Root LLC, KBR Technical Services, Inc., and Kellogg Brown & Root, S. de R.L.; that they have their primary place of business in Houston, Harris County, Texas and may be served with process through their registered agent,

CT Corporation System.  Kellogg Brown & Root, Inc. is no longer an active company. Defendants deny the remaining allegations of paragraph 5.

6.      Defendants admit that OAS is incorporated in the Cayman Islands; Defendants deny the remaining allegations of paragraph 6.

7.      Defendants admit that Mr. Boartz' last known residence is the address stated in Florida, but deny the remaining allegations of paragraph 7.

8.      Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 8 and therefore deny same.

9.      Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 9 and therefore deny same.

10.      Defendants admit this Court has jurisdiction based on diversity of citizenship and federal question and that the amount in controversy exceeds the minimum jurisdictional level of this court but deny the remaining allegations of paragraph 10.

11.      Defendants admit that Plaintiffs executed a binding arbitration agreement but violated that agreement to bring this suit.  Defendants acknowledge that Plaintiffs request that the Court ignore the agreement to arbitrate, but deny that the request is appropriate or in the interests of justice.

12.      Defendants admit that Jamie Jones was employed by KBRTSI as an administrative assistant in Houston on April 15, 2004 and reported to Eric Iler until March 27, 2005.  The remaining allegations of paragraph 12 are denied.

13.      Paragraph 13 is denied.

14.     Defendants admit that Jamie Jones worked in another department, for another supervisor other than Mr. Iler prior to her employment with OAS on July 21, 2005 at Camp Hope, Iraq.  The remaining allegations of paragraph 14 are denied.

15.     Paragraph 15 is denied.

16.     Defendants admit that Jamie Jones began work at Camp Hope in Baghdad, Iraq on July 25, 2005 and that she was assigned to a co-ed barracks, with bathrooms on the first floor, and that employees were not prohibited from consuming alcohol at Camp Hope.  The remaining allegations of paragraph 16 are denied.

17.     Paragraph 17 is denied.

18.     Defendants admit that Jamie Jones reported an alleged sexual assault to Pete Arroyo, that she was immediately transported to the combat area surgical hospital run by the U.S. Army, where a rape kit was administered, and that KBR informed the U.S. State Department of the incident.  Defendants are unable to admit or deny the remaining allegations of paragraph 18 and therefore deny same.

19.     Defendants admit that Camp Hope was under the jurisdiction of the U.S. Department of State.  The remaining allegations of paragraph 19 are denied.

20.     Paragraph 20 is denied.

21.     Paragraph 21 is denied.

22.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 22 and respond to those paragraphs as noted above.

23.     Defendants admit that Jamie Jones was a female employee entitled to the protections of federal law prohibiting sexual harassment but deny the remaining allegations of paragraph 23.

24.     Paragraph 24 is denied.

25.     Paragraph 25 is denied.

26.     Paragraph 26 is denied.

27.     Paragraph 27 is denied.

28.     Defendants are without sufficient information to admit or deny the allegations of paragraph 28 and therefore deny same.

29.     Paragraph 29 is denied.

30.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 30 and respond to those paragraphs as noted above.

31.     Paragraph 31 is denied.

32.     Paragraph 32 is denied.

33.     Paragraph 33 is denied.

34.     Paragraph 34 is denied.

35.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 35 and respond to those paragraphs as noted above.

36.     Defendants are without knowledge to admit or deny the allegations of paragraph 36 with respect to the United States of America and therefore deny same.

37.     Defendants admit that Jamie Jones was entitled to the protections of federal law prohibiting sexual harassment.  The remaining allegations of paragraph 37 are denied.

38.     Defendants are without knowledge to admit or deny the allegations of paragraph 38 and therefore deny same.

39.     Paragraph 39 is denied.

40.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 40 and respond to those paragraphs as noted above.

41.     Defendants admit that Jamie Jones is entitled to the protections of federal law prohibiting sexual harassment but deny the remaining allegations of paragraph 41.

42.     Paragraph 42 is denied.

43.     Paragraph 43 is denied.

44.     Paragraph 44 is denied.

45.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 45 and respond to those paragraphs as noted above.

46.     Paragraph 46 is denied.

47.     Paragraph 47 is denied.

48.     Paragraph 48 is denied.

49.     Paragraph 49. is denied.

50.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 50 and respond to those paragraphs as noted above.

51.     Paragraph 51 is denied.

52.     Paragraph 52 is denied.

53.     Paragraph 53 is denied.

54.     Paragraph 54 is denied.

55.     Defendants admit that Plaintiffs have pled multiple theories of liability and recovery with no election of remedies.

56.     Paragraph 56 is denied.

57.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 57 and respond to those paragraphs as noted above.

58.     Defendants admit that Jamie Jones executed an employment agreement with OAS on July 21, 2005 but deny the remaining allegations of paragraph 58.

59.     Paragraph 59 is denied.

60.     Paragraph 60 is denied.

61.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 61 and respond to those paragraphs as noted above.

62.     Defendants admit that Jamie Jones signed an employment agreement with OAS that governed her employment in Iraq but deny the remaining allegations of paragraph 62.

63.     Paragraph 63 is denied.

64.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 64 and respond to those paragraphs as noted above.

65.     Paragraph 65 is denied.

66.     Paragraph 66 is denied.

67.     Paragraph 67 is denied.

68.     Paragraph 68 is denied.

69.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 69 and respond to those paragraphs as noted above.

70.     Paragraph 70 is denied.

71.     Paragraph 71 is denied.

72.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 72 and respond to those paragraphs as noted above.

73.     Paragraph 73 is denied.

74.     Paragraph 74 is denied.

75.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 75 and respond to those paragraphs as noted above.

76.     Defendants admit that Jamie Jones seeks damages but deny that she is entitled to any damages.

77.     Defendants admit that Joseph Daigle also seeks damages but deny that he is entitled to the damages pled.

78.     Defendants admit that Plaintiffs incorporate paragraphs of their complaint into paragraph 78 and respond to those paragraphs as noted above.

79.     Paragraph 79 is denied.

80.     Defendants admit that Plaintiffs seek exemplary damages but deny that they are entitled to such damages.

81.     Paragraph 81 is denied.

82.     Paragraph 82 is denied.

83.     Defendants admit that Plaintiffs seek punitive or exemplary damages but deny that they are entitled to such damages.

84.     Defendants admit that Plaintiffs seek prejudgment interest and costs of court but deny that they are entitled to such relief.

85.     Defendants admit that Plaintiffs has made a jury demand.

86.     Defendants admit that Plaintiffs seek monetary damages and other relief but deny that they are entitled to any such relief.

## II.    Affirmative Defenses

87.    Plaintiffs' claims are barred by the Defense Base Act, the Longshore Harbor Workers Compensation Act, and the War Hazards Compensation Act.

88.    Plaintiffs' claims are barred because the alleged injuries to Plaintiff were incurred during combatant activities in time of war involving the United States military and defense contractors, and are therefore barred by 28 U.S.C. § 2680(j).

89.    Plaintiffs' claims are barred by the government contractor defense pursuant to the discretionary function exception under 28 U.S.C. § 2680(a).

90.    Plaintiffs' claims are barred because the alleged injuries to Plaintiff occurred on foreign soil as part of work for a defense contractor supporting the United States military, and is therefore barred by 28 U.S.C. § 2680(k).

91.    Plaintiffs' claims are barred by the government contractor defense.

92.    Plaintiffs have no right to recover from Defendants because Plaintiffs' alleged injuries were the result of the actions of third parties, whose conduct constitutes an intervening and superseding cause.

93.    Plaintiffs' claims may be barred, in whole or in part, by the doctrine of contributory and/or comparative negligence.

94.    Plaintiffs' injuries were caused while Plaintiff, Jamie Jones, was intoxicated.

95.    Plaintiffs' claims, if any, for exemplary damages is limited by Tex. Civ. Prac. & Rem. Code § 41.008.

96.    Plaintiffs' damages, if any, may be subject to offset for benefits received under the Defense Base Act and/or the War Hazards Compensation Act.

97.    Any alleged act of sexual assault by an employee is outside the scope of any such person's duties for Defendants.

98.    Plaintiff, Jamie Jones, suffered from various pre-existing conditions, which are a part of the damages being sought in this case.

99.    Plaintiffs' claims may be barred, in whole or in part, by a failure to mitigate or minimize damages.

100.    Plaintiffs have waived their right to challenge the arbitrability of their claims by filing a demand for arbitration in February 2006.

101.    Defendants' actions and statements with respect to Plaintiffs were privileged or with legal justification.

102.    Plaintiff Jamie Jones has failed to exhaust her administrative remedies.

103.    Plaintiffs' claims are barred, in part, by limitations.

104.    Plaintiffs have failed to state a claim upon which relief can be granted.

Defendants respectfully request that Plaintiffs' amended complaint be dismissed, and that Defendants have such general relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

MEHAFFYWEBER

_____/s/ M. C. Carrington_____

M. C. CARRINGTON, Of Counsel
State Bar No. 03880800
Post Office Box 16
Beaumont, Texas 77704
(409) 835-5011
(409) 835-5177 (fax)

_____/s/ Shadow Sloan_____

SHADOW SLOAN
State Bar No. 18507550
Federal ID No. 11372
V. LORAINE CHRIST
State Bar No. 24050417
Federal ID No. 611166
VINSON & ELKINS L.L.P.
First City Tower
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
(713) 758-3822
(713) 615-5933 (fax)

ATTORNEYS FOR DEFENDANTS,
KBR, KELLOGG BROWN & ROOT,
KELLOGG BROWN & ROOT SERVICES,
INC., KELLOGG BROWN & ROOT
INTERNATIONAL, INC., KELLOGG
BROWN & ROOT, LLC, KELLOGG
BROWN & ROOT, INC., KBR
TECHNICAL SERVICES, INC.;
OVERSEAS ADMINISTRATIVE
SERVICES, LTD.; AND KELLOGG
BROWN & ROOT S. de R.L.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of June 2007 a true and correct copy of the foregoing document was filed electronically by using the CM/ECF and/or by first-class mail, return receipt requested, on Plaintiff's counsel, addressed as follows:

L. Todd Kelly
The Kelly Law Firm, P.C.
One Riverway Drive, Suite 1150
777 South Post Oak Lane
Houston, Texas 77056-1920

Paul Waldner
Vickery, Waldner & Mallia, L.L.C.
One Riverway, Suite 1150
Houston, Texas 77056

Stephanie M. Morris
Attorney at Law
1660 L Street N.W., Suite 506
Washington, D.C. 20036

_____/s/ Shadow Sloan_____
Attorney for Defendants

3282484v.1

Houston 3286089v.1