IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMIE LEIGH JONES and JOSEPH DAIGLE | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 1:07-CV-0295 |
| HALLIBURTON COMPANY d/b/a KBR KELLOGG BROWN & ROOT (KBR); KELLOGG BROWN & ROOT, SERVICES, INC.; KELLOGG BROWN & ROOT INTERNATIONAL, INC.; KELLOGG BROWN & ROOT, LLC; KELLOGG BROWN & ROOT, INC.; KELLOGG BROWN & ROOT, S. de R.L.; KELLOGG BROWN & ROOT (KBR), INC.; KBR TECHNICAL SERVICES, INC.; OVERSEAS ADMINISTRATIVE SERVICES, LTD.; ERIC ILER, CHARLES BOARTZ; SEVERAL JOHN DOE RAPISTS, and THE UNITED STATES OF AMERICA | § § § § § § § § § § § § § § § § § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

**DEFENDANTS KBR, HALLIBURTON, AND OAS'S
MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404**

Plaintiffs Jamie Jones and Joseph Daigle (together, "Plaintiffs") currently live in Coronado Island, California. They assert a variety of claims in this action, including: 1) tort claims related to sexual harassment and assault Jones claims she experienced while working in Iraq for Overseas Administrative Services, Ltd. ("OAS"); 2) sexual harassment and retaliation claims under Title VII based upon events Jones claims took place while she was working for KBR in Houston and for OAS in Iraq; 3) breach of contract claims with respect to an agreement made between Jones and OAS in Houston, Texas; and 4) fraudulent inducement claims arising

from representations allegedly made or not made when Jones was being recruited for overseas work and processed by KBR Technical Services, Inc. ("KBRTSI") in Houston, Texas prior to her employment with OAS in Iraq.[1] Because there is no connection between the Eastern District of Texas and Plaintiffs' claims, which relate solely to events that allegedly occurred in Iraq and Houston, Defendants Halliburton, KBR, and OAS[2] move to transfer this action to the Southern District of Texas, Houston Division.[3]

## I.     Venue Facts

Halliburton Company ("Halliburton") is a Delaware corporation with its principal place of business in Houston, Texas. Declaration of Dean Graves, attached as Exhibit 1. KBR, Inc. ("KBR") also is incorporated in Delaware and headquartered in Houston, Texas. *Id.*[4] OAS is incorporated in the Cayman Islands with its primary place of business in Dubai, United Arab Emirates. *Id.*

Jones was hired initially by a KBR subsidiary, KBR Technical Services, Inc. ("KBRTSI"), as a temporary administrative associate in Houston on April 15, 2004. Declaration

---

[1] In *Barker v. Halliburton Co., et al*, C.A. No. 1:07-CV-0294, persons sharing counsel with Plaintiffs brought in this court essentially the same claims against the most of the same corporate defendants and the United States. Defendants in that case are moving to dismiss on grounds of improper venue, or in the alternative, to transfer the action to the Southern District of Texas.

[2] Plaintiffs have named a litany of defendants to this action. For the sake of clarity, KBR, Inc., is the ultimate parent company of Kellogg Brown & Root International, Inc., Kellogg, Brown, and Root, LLC, KBR Technical Services, Inc., Kellogg Brown & Root International, Inc., KBR, S. de R.L. and OAS, and this motion is submitted on behalf of those parties. Halliburton Company, while formerly KBR's parent, has spun off its ownership interest in KBR, and contrary to the plaintiffs' caption does not "do business as" KBR. This motion also is submitted on Halliburton's behalf.

[3] Plaintiffs in this case are obligated contractually to arbitrate their claims under the Dispute Resolution Program ("DRP"), which calls for binding arbitration of all disputes between employees and KBR or its subsidiaries. *See* Exhibit 5, paragraph 26. This motion to transfer venue is filed without waiving the defendants' right to compel arbitration of Plaintiffs' claims. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726-27 (7th Cir. 2004) (motion to dismiss or to transfer venue does not waive right to arbitrate) (citing cases); *Lake Communications, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984) (no waiver of right to arbitrate when motion to dismiss filed).

[4] The other KBR-related named defendants similarly have their primary place of business in Houston. Kellogg, Brown & Root Services, Inc. is incorporated in Delaware and based in Houston, as is Kellogg Brown & Root LLC and KBR Technical Services, Inc. Exhibit 1. Kellogg Brown & Root International, Inc. is incorporated in Panama and based in Houston. *Id.* KBR, S de RL is incorporated in Panama and based in Houston. *Id.* Finally, Kellogg, Brown & Root, Inc., which was merged on December 31, 2005 and is no longer an active entity, was incorporated in Delaware and based in Houston. *Id.*

of Janet Brooks, attached as Exhibit 2; Jones Employee History Report, attached as Exhibit 3. She alleges that she was subject to sexual harassment by her immediate supervisor, Eric Iler, while working in that position. Complaint at ¶ 12. On March 26, 2005, Jones transferred to an operations specialist position in Houston. Exhibits 2, 3.

One of KBR's projects is called the Logistics Civil Augmentation Program, or "LOGCAP III." *Id.* The LOGCAP III project provides logistical support to the U.S. government abroad, including operations in Iraq. Certain foreign subsidiaries of KBR employ persons to perform work on the LOGCAP III project in performing under U.S. government contracts. *Id.* One of these foreign subsidiaries is OAS. *Id.*

Subsequent to obtaining her operations specialist position in Houston, Jones applied and was hired for an administrative position in Iraq with OAS. Exhibits 2, 3. She listed an address in Conroe, Texas (near Houston) as her permanent residence when applying for OAS employment. OAS Data Sheet, attached as Exhibit 4.

Prior to being deployed to Iraq, Jones, like all the other candidates for assignment to the LOGCAP III project, was required to undergo pre-employment testing and orientation conducted by KBRTSI in Houston. Exhibit 3. This orientation includes briefing on safety and security matters, as well as training on KBR's policy concerning a harassment free workplace, the KBR corporate anti-harassment policy, procedures for reporting any problem, a prohibition against retaliation, a description of KBR's open door policy and a toll free number for its Employee Assistance Program. *Id.* After successfully completing her Houston orientation, Jones executed an employment agreement with OAS in Houston, Texas on July 15, 2005 and departed for Iraq. Jones Employment Agreement, attached as Exhibit 5.

According to Plaintiffs' Complaint, Jones complained about "sexually hostile living conditions" shortly after arriving in Iraq. Complaint at ¶ 17. The Complaint further alleges that she was sexually assaulted during her off-duty hours in Iraq by several co-workers. *Id. at* ¶ 18. Plaintiffs go on to claim that Jones was falsely imprisoned and retaliated against in Iraq following her report of that incident. *Id. at* ¶ 48.

## II.    Motion to Transfer For the Convenience of the Parties and In the Interests of Justice.

This action should be transferred to the Southern District of Texas, where it could have been brought, for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). The parties to this action have, at most, limited activities within the Eastern District, and none of the actions complained of took place in there. Given this case's lack of any nexus to this district, in contrast to the Southern District's substantial connection to the facts underlying Plaintiffs' claims, this is precisely the type of circumstance in which Section 1404 should apply. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (noting that the purpose of section 1404(a) is to "prevent the waste of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense").

### A.    This Action Could Have Been Brought in the Southern District.

To transfer an action under section 1404(a), the proposed transferee court must be one in which the action could have been commenced originally. *See Van Dusen*, 376 U.S. at 616. The Southern District would have diversity and subject matter jurisdiction over this action, as does the Eastern District. Additionally, venue would be proper in the Southern District under numerous provisions. 28 U.S.C. § 1391(b)(2) provides for venue where a "substantial part of the events or omissions giving rise to the claim occurred." The following alleged events or omissions related to Plaintiffs' claims took place in Houston:

4

- Alleged sexual harassment of Jones by her supervisor at KBR, Eric Iler;

- Alleged retaliation against Jones by Iler;

- Execution of employment contract between OAS and Jones; and

- Alleged fraudulent inducement of Jones to enter into agreement with OAS for employment in Iraq.

Additionally, venue would be proper in the Southern District under Title VII's supplemental venue provisions:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of section 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. §2000e-5(f)(3). Under this provision, venue may be found in <u>any</u> judicial district in Texas (including the Southern District), as Plaintiffs allege that unlawful employment practices (specifically, harassment and retaliation by Iler) were committed in Texas. Additionally, since relevant employment records for Jones were maintained and administered in the Southern District, that district is an appropriate venue for that reason as well.[5]

### B. Private and Public Convenience Factors Favor Transfer to the Southern District.

The factors relevant to transferring venue under section 1404(a) are set for in the statute itself: "(1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice." 28 U.S.C. § 1404(a). Determining "convenience" turns on a number of private and public interest factors, none of which are dispositive. *In re Volkswagen AG*, 371 F.3d 201, 203

---

[5] Employment records for Jones also were maintained in Iraq; her payroll records for her overseas employment were maintained in Dubai. Exhibit 2.

5

(5th Cir. 2004). Private concerns include the plaintiff's choice of forum, convenience of the parties, ease of access to sources of proof, the availability of compulsory process to secure witness attendance, the cost of attendance for willing witnesses, place of the alleged wrong, possibility of delay and prejudice if transfer is granted, location of counsel, and all other practical issues. *Id*., *citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981); *Gajeske v. Wal-Mart Stores, Inc*., 2000 WL 34401691 at *3. Public concerns include the administrative difficulties resulting from court congestion, the local interest in having localized interests decided at home, the familiarity of the forum with the laws that will govern the case, and the unnecessary problems of conflict of laws of the application of foreign laws. *Id*. While some of these factors are neutral in this case, <u>none</u> weigh in favor of litigation in the Eastern District.

### 1. Because Plaintiffs Do Not Reside in the Eastern District, Their Choice of Forum is Afforded Little Weight.

While the Fifth Circuit generally holds that a plaintiff's choice of forum is "highly esteemed," such deference is unwarranted where a plaintiff's forum choice has no connection to the given case. *Lindloff v. Schnectady International*, 950 F.Supp. 183, 185-86 (E.D. Tex. 1996). As previously set forth, the acts of which Plaintiffs complain did not take place within the Eastern District; additionally, Plaintiffs, who now live in California, suffered no injuries in the Eastern District. Because this forum has no connection with Plaintiffs nor the alleged events in this action, their choice of forum deserves no deference. *See Reed v. Fina Oil and Chemical Co*., 995 F.Supp. 705, 714 (E.D. Tex. 1998), *citing Lindloff*, 950 F.Supp. at 185.

### 2. Litigating in the Southern District Will Be Equally or More Convenient Than the Eastern District For All Parties.

"The starting point for analyzing the convenience of the parties is a consideration of their residences in relation to the district chosen by plaintiff and the proposed district." *Gajeske v.*

*Wal-Mart Stores, Inc.*, No. 1:99-CV-777, 2000 WL 34401691 *4 (E.D. Tex. June 26, 2000). KBR has substantial business operations in the Southern District and extremely limited operations (which are unrelated to this dispute) in the Eastern District. Exhibit 1. Defendant Iler[6] works currently in Iraq. *Id*. His United States address is listed as a P.O. Box in Hardin, Texas, a location within the Eastern District but approximately equidistant between Beaumont and Houston.[7] *Id*. Therefore, he will not be inconvenienced by a transfer to the Southern District. Neither Plaintiffs nor Defendant Boartz reside within the Eastern or Southern District—indeed, each would be traveling from a considerable distance to either district—so their convenience will not be adversely affected by a transfer to the Southern District.[8] *See* Complaint at ¶¶ 3-4, 7. Therefore, transfer would not "shift inconvenience" from the moving to the non-moving parties; rather, all parties would be in equal or better positions as to convenience were this case transferred. Hence, this factor favors transfer.

### 3. Sources of Proof Are More Easily Accessible Within the Southern District.

This Court gives slight, but some, consideration to the accessibility and location of sources of proof, *see Thurmond v. Compaq Computer Corp*., No. 1:99-CV-0711(TH), 2000 WL 33795090 *12 (E.D. Tex. March 1, 2000), <u>none of which</u> may be found within the Eastern District. In contrast, some of Jones's employment records were maintained in Houston—and none in the Eastern District. Exhibit 2. Furthermore, all sources of information, including witnesses, pertaining to pre-deployment disclosures and presentations, relevant to Plaintiffs' claims of fraudulent inducement, are located in Houston, where Jones's orientation took place.

---

[6] Notably, while Iler is listed as a captioned defendant, he is not listed as a defendant to any of the individual counts.
[7] From Hardin to Houston is approximately 51.9 miles; from Hardin to Beaumont is approximately 49.5 miles.
[8] Indeed, given that Continental and Continental Express, which have hubs in Houston, are the exclusive commercial airlines in operation at Southeast Texas Regional Airport, it appears quite likely that Plaintiffs and Boartz would pass through Houston en route to the Eastern District.

7

*Id*. Also, it is reasonable to assume that most sources of information concerning her claim to have been sexually harassed while working in Houston would be located in Houston, as well.

### 4. The Southern District is a More Convenient Location for the Majority of Potential Non-Party Witnesses Identified.

The convenience of non-party fact witnesses is usually the most important factor when assessing a transfer motion. *See Compaq*, 2000 WL 33795090 at *9. "[V]enue often is considered convenient in the district or division where the majority of witnesses are located." *Robertson v. Kimachi R. Co., LLC*, 42 F.Supp.2d 651, 657 (E.D. Tex. 1999). "Moreover, it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis." *State Street Capital Corp. v. Dente*, 855 F.Supp. 192, 198 (S.D. Tex. 1994). Jones initiated an arbitration proceeding against KBR in 2006, based upon some of the same allegations as those pled in the Complaint filed with this Court, and that proceeding is ongoing.[9] Key witnesses have been identified based upon Jones's representations during the arbitration proceedings. A number of these key fact witnesses reside in the Houston area; in contrast, no likely non-party witnesses may be found within the Eastern District. Affidavit of Shadow Sloan, attached as Exhibit 6; Exhibit 1.

Plaintiffs first claim that Jones first was subjected to sexual harassment by her supervisor Iler during the time she worked for KBR in Houston. Complaint ¶ 12. They allege that she complained about Iler to Frederick Heard, who "assured [her] that Eric Iler would be assigned another section." Complaint at ¶ 15. Non-party witnesses residing in the Houston area who may provide testimony relevant to these claims include:

---

[9] Plaintiffs filed this action in disregard of that ongoing arbitration and in violation of Jones's agreement to arbitrate her claims.

- Frederick Heard, current Production Group Leader for KBR. Heard may provide key testimony related to Jones's allegations about Iler and steps taken to address any complaints raised by Jones.
- John Bishop. Bishop was a operations manager in the IT department, and since has left KBR. Bishop may provide key testimony related to Jones's allegations about Iler.

Exhibits 6, 1.No resident of the Eastern District has been identified as a potential non-party witness with respect to these allegations.[10] *See id.*

Plaintiffs further allege that when Jones was deployed to Iraq, she was assigned to a "predominantly male barracks" with "sexually hostile living conditions." Complaint ¶¶ 16-17. They claim she "complained to several Halliburton and KBR managers, employees, servants, agent, officers and/or representatives…and asked to be moved to a safer location." Complaint ¶ 17. Plaintiffs further allege that Jones was sexually assaulted in the barracks. *Id.* at ¶ 18. Following her report of the assault, they claim, Jones was retaliated against by being placed in a "trailer…without a television" and "confronted by KBR supervisors" who told her that she could "get over it" or return to the United States. Individuals residing in the Houston area who may provide testimony relevant to these claims include:

- Scott Davis (currently assigned to Iraq). Davis was then an Health Safety & Environment manager. He met with Jones at a medical clinic following her initial report of the incident, and reported the incident to security personnel there. Davis also participated in a meeting with other human resources and security personnel related to caring for Jones.
- Kara Hall (currently assigned overseas). Hall was then a senior HR generalist. He participated along with Davis in the meeting related to Jones's allegations and the OAS/KBR response.
- Gabe Andino. Andino then was the project manager in Iraq; he now is an operations manager in Houston. He participated by telephone in the meeting related to Jones's allegations and the OAS/KBR response. He also participated, along with Ron Boutwell[11] and Janie Armstrong,[12] in a meeting with Jones related

---

[10] As aforementioned, defendant Iler, who is currently stationed in Iraq, has listed a P.O. Box in Hardin, Texas—within the Eastern District—as his United States address. Exhibit 1. Hardin is approximately 50 miles from both Houston and Beaumont.

[11] Boutwell is a former HR Supervisor last known to reside in Cape Canaveral, Florida. Exhibit 1.

[12] Armstrong is a former Senior HR Generalist last known to reside in Stillwater, Oklahoma. Exhibit 1.

to medical leave. Andino's testimony is key to addressing Jones's claims of retaliation following her report of the incident.

Exhibit 6, 1. No resident of the Eastern District has been identified as a potential witness with respect to these allegations. *See* Exhibits 6, 1.

Furthermore, in her arbitration against KBR Jones has produced medical records from a number of providers, all of whom practice in the Houston area, in support of her claims. These individuals may provide key testimony as to Jones's alleged injuries:

- Michael Ciarvino, M.D., P.A.
- Michael L. Eisemann, M.D., F.A.C.S.
- Sabrina Lahiri, M.D.
- Dawn Nelson, LCSW, CHT.
- Terry Scott, OB/Gyn.
- Village Medical Center.

Exhibit 6.

Given the number of witnesses who reside in the Houston area, particularly in comparison with the complete absence of potential witnesses within the Eastern District, this factor weighs heavily in favor of transfer to the Southern District.

### 5. The Alleged Wrongs Were Committed In the Southern District and Iraq.

Plaintiffs complain of 1) alleged sexual harassment of Jones in Houston; 2) alleged retaliation against Jones for reporting sexual harassment in Houston; 3) the breach of a contract entered into in Houston; 4) alleged misrepresentations or omissions of relevant facts made to Jones during her pre-deployment orientation in Houston; 5) negligence in permitting Jones to work and live in an allegedly "sexually hostile" atmosphere in Iraq; 6) sexual assault upon Jones in Iraq; and 7) retaliation against Jones in Iraq for reporting the alleged assault. The Southern District is the situs of a number of these alleged wrongs, in contrast to the Eastern District, which has no nexus with this case. This factor weighs in favor of transfer.

### 6. Plaintiffs Will Not Be Delayed or Prejudiced by Transfer.

There is no deadline for filing a motion to transfer venue under 28 U.S.C. §1404, but a party seeking transfer should act with reasonable promptness. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). In this case, Plaintiffs only recently served Defendants with this action, and Defendants have filed this motion with their initial responsive pleading. This action has not been set for trial, no discovery has commenced, and no scheduling order has been entered. Therefore, no delay will result from transfer, and this factor weighs in favor of granting a transfer.

### 7. Plaintiffs' Counsel Are Located in the Southern District.

While the convenience of the parties' counsel generally is given little weight, *see Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1066 (S.D. Tex. 1999), this Court occasionally has deemed this factor relevant. *See, e.g. Compaq*, 2000 WL 33795090 at *11. Plaintiffs' lawyers are located in the Southern District and in Washington, D.C., not in the Eastern District. Therefore, the Eastern District is a less convenient location than the Southern District.

### 8. Public Interest Factors Favor Transfer to the Southern District.

It is contrary to the interests of justice and fundamentally unfair to maintain this action in this district absent any connection whatsoever between Plaintiffs' claims and the Eastern District of Texas. The uncontroverted facts are that Jones came from the Houston area and worked in Houston. She later was recruited in and signed a contract in Houston for an overseas job.

The Southern District clearly has an interest in providing a forum to corporations headquartered and engaging in substantial business operations there. It also has an interest in correcting unlawful employment practices occurring there.

11

It is equally unfair to the (i) the federal court in the Eastern District to require it to spend significant time and judicial resources litigating claims arising from events that occurred in Houston and Iraq, with respect to an employee who resided at the time within the Southern District of Texas (and now residing in California) with absolutely no relation to the Eastern District, and (ii) the citizens of the Eastern District who will be required to spend their time to hear and adjudicate the claims of an California-based employee and her husband about claims arising from events that occurred in Houston and Iraq, if this lawsuit remains in the Eastern District.

### IV.    Conclusion

Because of the complete absence of any connection between Plaintiffs' claims and the Eastern District of Texas, Defendants KBR, Halliburton, and OAS move to transfer venue to the Southern District of Texas, Houston Division, for the convenience of the parties and the witnesses and in the interests of justice.

        Respectfully submitted,

   /s/ M.C. Carrington
M. C. Carrington, Of Counsel
State Bar No. 03880800
M<small>EHAFFY</small>W<small>EBER</small>
Post Office Box 16
Beaumont, Texas 77704
Telephone 409/835-5011
Telecopier 409/835-5177

/s/ Shadow Sloan
SHADOW SLOAN
State Bar No. 18507550
Federal ID No. 11372
V. LORAINE CHRIST
State Bar No. 24050417
Federal ID No. 611166
VINSON & ELKINS L.L.P.
First City Tower, Suite 2500
1001 Fannin Street
Houston, Texas 77002-6760
Telephone (713) 758-3822
Telecopier (713) 615-5933

ATTORNEYS FOR DEFENDANTS
KELLOGG BROWN & ROOT,
HALLIBURTON AND OVERSEAS
ADMINISTRATIVE SERVICES, LTD.

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 11th day of June 2007 a true and correct copy of the foregoing document was filed electronically by using the CM/ECF and/or by first-class mail, return receipt requested, on Plaintiff's counsel, addressed as follows:

        L. Todd Kelly
        The Kelly Law Firm, P.C.
        One Riverway Drive, Suite 1150
        777 South Post Oak Lane
        Houston, Texas 77056-1920

        Paul Waldner
        Vickery, Waldner & Mallia, L.L.C.
        One Riverway, Suite 1150
        Houston, Texas 77056

        Stephanie M. Morris
        Attorney at Law
        1660 L Street N.W., Suite 506
        Washington, D.C. 20036

                                                  ___/s/ Shadow Sloan_____
                                                  Attorney for Defendant