Westlaw.

337 F.3d 429                                                        Page 1

337 F.3d 429, 84 Empl. Prac. Dec. P 41,543, 84 Empl. Prac. Dec. P 41,544

(Cite as: 337 F.3d 429)

▷

United States Court of Appeals,
Fifth Circuit.
In Re: HORSESHOE ENTERTAINMENT,
Petitioner.
No. 02-30682.

July 1, 2003.
As Corrected July 30, 2003.

Employee brought action against employer, alleging
discrimination and harassment based upon sex and
disability, in violation of Title VII and the Americans
with Disabilities Act (ADA). The United States
District Court for the Middle District of Louisiana,
Ralph F. Tyson, J., denied employer's motion to
transfer. Employer filed petition for writ of
mandamus, seeking review of denial of motion. The
Court of Appeals, DeMoss, Circuit Judge, held that:
(1) Court of Appeals had jurisdiction under the All
Writs Act to review district court's denial, and (2)
employer's motion to transfer venue was required to
be granted, in employment discrimination action, on
grounds of convenience of the parties and witnesses,
and in the interest of justice.

Vacated and remanded with instructions; petition
granted.

Benavides, Circuit Judge, filed dissenting opinion.

Opinion, 302 F.3d 354, superseded.

West Headnotes

[1] Federal Courts 524
170Bk524 Most Cited Cases
Court of Appeals had jurisdiction under the All Writs
Act to review district court's denial of employer's
motion to transfer venue, in employment
discrimination action; there was no statute that
expressly made such decision unreviewable, and
although district court's decision as to whether to
transfer venue was discretionary, district court was
required to consider certain statutory factors and
could not abuse its discretion. 28 U.S.C.A. §§ 1292,
1404(a), 1651.

[2] Federal Courts 763.1

170Bk763.1 Most Cited Cases

[2] Federal Courts 819
170Bk819 Most Cited Cases
In reviewing a district court's ruling on a motion to
transfer venue, the Court of Appeals considers: (1)
whether the district court correctly construed and
applied the relevant statutes, (2) whether the district
court considered the relevant factors incident to
ruling upon a motion to transfer, and (3) whether the
district court abused its discretion. 28 U.S.C.A. §§
1292, 1404(a), 1651.

[3] Federal Courts 106.5
170Bk106.5 Most Cited Cases
   (Formerly 170Bk106)
Employer's motion to transfer venue was required to
be granted, in employment discrimination action, on
grounds of convenience of the parties and witnesses,
and in the interest of justice; transferee district was
the location of the alleged unlawful employment
practices, the relevant employment records were
maintained in transferee district, employer had its
principal office in transferee district, employee would
have continued to work in transferee district but for
the alleged employment discrimination, there was no
showing that delay or prejudice would result from the
transfer, and employee's choice of forum was not
permitted under special venue statute applicable to
employment discrimination claims. 28 U.S.C.A. §
1404(a); Civil Rights Act of 1964, § 706(f), as
amended, 42 U.S.C.A. § 2000e-5(f)(3).

[4] Federal Courts 104
170Bk104 Most Cited Cases
The factor of location of counsel is irrelevant and
improper for consideration in determining the
question of transfer of venue. 28 U.S.C.A. § 1391, et
seq.

[5] Federal Courts 101
170Bk101 Most Cited Cases

[5] Federal Courts 104
170Bk104 Most Cited Cases
Where relevant employment records are maintained
and administered should be weighed by a district
court in evaluating the "interest of justice" aspect of a
motion to transfer venue for an employment

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



337 F.3d 429                                                                                               Page 2

337 F.3d 429, 84 Empl. Prac. Dec. P 41,543, 84 Empl. Prac. Dec. P 41,544

**(Cite as: 337 F.3d 429)**

discrimination action, as such factor is expressly stated in the special venue statute applicable to such actions. 28 U.S.C.A. § 1404(a); Civil Rights Act of 1964, § 706(f), as amended, 42 U.S.C.A. § 2000e-5(f)(3).

**[6] Federal Courts** ⌖104
170Bk104 Most Cited Cases

**[6] Federal Courts** ⌖143
170Bk143 Most Cited Cases
In rare and special circumstances a factor of delay or prejudice may be relevant in deciding the propriety of a motion to transfer venue, but only if such circumstances are established by clear and convincing evidence. 28 U.S.C.A. § 1391, et seq.
*430 Murphy J. Foster, III, Yvonne Inez Reed, Breazeale, Sachse & Wilson, Baton Rouge, LA, for Petitioner.

Dori Kay Bernstein, Carolyn L. Wheeler, EEOC, Washington, DC, for EEOC.

Jill Leininger Craft, Craft & Craft, George Gregory Caballero, Caballero Law Firm, Baton Rouge, LA, for Rogers.

Petition for Writ of Mandamus to the United States District Court for the Middle District of Louisiana.

*ON PETITION FOR REHEARING EN BANC*

(Opinion 9/10/02, 5 Cir., 305 F.3d 354)

Before BARKSDALE, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is GRANTED; and the panel opinion filed under date of September 10, 2002, and published at 305 F.3d 354, et seq. is hereby withdrawn and the new opinion filed contemporaneously with this Order is substituted for such prior opinion. The mandate on this substituted opinion shall issue forthwith. No member of the panel, nor judge in regular active service of the Court having requested that the Court be polled on rehearing *en banc* (FED. R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.

DeMOSS, Circuit Judge:

Horseshoe Entertainment ("Horseshoe"), a Louisiana partnership having its domicile and principal place of business in Bossier City, Louisiana, petitions this Court to issue a Writ of Mandamus to reverse a decision of the United States District Court for the Middle District of Louisiana (the Middle District Court) in Civil Action No. 01-295 on its docket, denying a motion by Horseshoe to transfer the venue of a Title VII sex discrimination/ADA case to the Shreveport Division of the United States District Court for the Western District of Louisiana (the Shreveport Division Court) for the convenience of the parties and witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a). Caroline W. Rogers ("plaintiff") filed such suit against Horseshoe on April 17, 2001, in the Middle District Court alleging that she was subjected to discrimination and harassment while employed with Horseshoe in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). On June 13, 2001, prior to filing any answer, Horseshoe filed its motion to transfer pursuant to § 1404(a) and such motion was timely and of sufficient content to prevent waiver of the venue issue when *431 Horseshoe subsequently filed its answer in such proceeding. In its motion to transfer, Horseshoe asserts the following uncontested facts and grounds for its motion:

A. As reflected by plaintiff's sworn complaint:

1. Plaintiff is a resident of Caddo Parish, Louisiana, which is within the Shreveport Division of the Western District of Louisiana;

2. Plaintiff was employed by Horseshoe in Bossier City, Louisiana, which is also within the Shreveport Division of the Western District of Louisiana;

3. Plaintiff was subjected to certain acts of sexual harassment by other employees of Horseshoe and all of these acts occurred in Bossier City which is also within the Shreveport Division of the Western District of Louisiana;

4. Plaintiff suffers from a disability (diabetes) and Horseshoe failed to make reasonable accommodations for her disability and harassed her because of such disability; and all such conduct occurred in Bossier City or the greater Shreveport area within the Shreveport Division of the Western District of Louisiana;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

337 F.3d 429                                                                                                                Page 3

337 F.3d 429, 84 Empl. Prac. Dec. P 41,543, 84 Empl. Prac. Dec. P 41,544

**(Cite as: 337 F.3d 429)**

5. The alleged conduct of harassment and discrimination caused plaintiff to be constructively discharged from her employment on July 17, 2000, which occurred in Bossier City, Louisiana, within the Shreveport Division of the Western District of Louisiana; and

6. As a result of such alleged conduct, plaintiff sustained severe emotional distress and damages in the greater Shreveport area which is within the Shreveport Division of the Western District of Louisiana.

B. Almost all of the potential witnesses for Horseshoe reside in the areas of Bossier City and Shreveport, Louisiana, all within the Shreveport Division of the Western District Court.

C. Almost all of plaintiff's potential witnesses reside within the Bossier City or Shreveport area within the Shreveport Division of the Western District Court.

D. All employment records related to plaintiff's employment by Horseshoe are maintained in the offices of Horseshoe in Bossier City, Louisiana, within the Shreveport Division of the Western District.

E. But for the alleged conduct herein and the alleged constructive discharge, the plaintiff would have continued to work for Horseshoe in Bossier City, Louisiana, within the Shreveport Division of the Western District.

F. The distance between Baton Rouge, Louisiana, where the Middle District Court would conduct this litigation if it is not transferred, and the Shreveport/Bossier City area, where the witnesses and parties reside, is more than 200 miles; and is therefore beyond the 100 mile distance in which the automatic subpoena power of a district court can be used to compel attendance of witnesses.



### JURISDICTIONAL QUESTION

[1] As an initial point in her response filed with this Court to Horseshoe's petition for mandamus, the plaintiff questions whether this Court has jurisdiction under the All Writs Act (28 U.S.C. § 1651) to review the Middle District Court's decisions on the motion to transfer and contends that since Horseshoe did not even seek a certification from the Middle District Court pursuant to 28 U.S.C. § 1292, the order on the motion to transfer venue may not be reviewable at all. In essence, the plaintiff's contention is that the

decision of the Middle District Court on the motion to transfer venue is not reviewable in any way by this Court. We disagree for *432 two reasons. First of all, we operate on the presumption that if Congress wants to make a decision by a district court or a circuit court unreviewable it certainly knows how to do that. See 28 U.S.C. § 1447(d) which states that an order remanding a case to a state court from which it was removed "is not reviewable on appeal or otherwise; and see 28 U.S.C. 2244(b)(3)(E)." There is no such similar provision in the general venue statutes nor in the special venue statute applicable in this case.

[2] Secondly, we think plaintiff misreads our Circuit's precedents. In *Garner v. Wolfinbarger*, 433 F.2d 117, 120 (5th Cir.1970), after first holding "that § 1292(b) review is inappropriate for challenges to a judge's discretion in granting or denying transfer under § 1404(a)," the panel went on to state:

> This Circuit has recognized the availability of mandamus as a limited means to test the district court's discretion in issuing transfer orders. *Ex Parte Bluski*, 245 F.2d 737 (5th Cir.), cert. denied, 355 U.S. 872, 78 S.Ct. 122, 2 L.Ed.2d 76 (1957); *Ex Parte Pfizer & Co.*, 225 F.2d 720 (5th Cir.1955); *Atlantic Coastline RR v. Davis*, 185 F.2d 766 (5th Cir.1950); cf. *Ex Parte Deep Water Exploration Co., supra*.

The petition for writ of mandamus in *Garner* was denied because there was no showing of "any failure by the district judge to correctly construe and apply the statute or to consider the relevant factors incident to ruling upon a motion to transfer or clear abuse of discretion on his part" which were the standards of review set in *Pfizer, supra*. While the court in *Garner* commented that "in the voluminous litigation over transfer orders, only a few litigants have surmounted the formidable obstacles and secured the writ," we take that as a simple expression of the adage that "exceptions prove the rule." Neither *Garner* nor *Pfizer* have been overruled or criticized by this Court; and from these cases we draw the following standards (the *Pfizer* Standards) to be applied by our Court in deciding the propriety or not of a district court's ruling on a motion to transfer under § 1404(a):

> a.) Did the district court correctly construe and apply the relevant statutes;
> b.) Did the district court consider the relevant factors incident to ruling upon a motion to transfer; and
> c.) Did the district court abuse its discretion in deciding the motion to transfer.

There is no way that this Court can determine whether the *Pfizer* standards have been met except by

337 F.3d 429                                                                                      Page 4

337 F.3d 429, 84 Empl. Prac. Dec. P 41,543, 84 Empl. Prac. Dec. P 41,544

(Cite as: 337 F.3d 429)

reviewing carefully the circumstances presented to and the decision making process used by the Middle District Court; and for the reasons hereinafter set forth the errors of the Middle District Court are sufficient to satisfy the *Pfizer* standards and to justify the issuance of the writ of mandamus.

### VENUE QUESTIONS

In addition to the general statutory provisions regarding venue set forth in Chapter 87 of Title 28 of the U.S.Code (28 U.S.C. § 1391, et seq.), Congress has adopted special venue provisions for the type of litigation involved in this case (claims under Title VII and the ADA) which state as follows:

> (3) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district *433 in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3). We note that the last sentence of this special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in this case.

The provisions of 28 U.S.C. § 1404(a), upon which Horseshoe relies in its motion for transfer, state as follows:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The first issue that a district court must address in ruling on a motion to transfer under § 1404(a) is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action "might have been brought." While the Middle District

Court did not expressly address this issue, in our view there is no genuine controversy on this point. Plaintiff's suit might have been originally filed in the Shreveport Division of the Western District because (1) that is where "the unlawful employment practices are alleged to have been committed," (2) that is where "the employment records relevant to such practice are maintained and administered," (3) that is where "the aggrieved person would have worked but for the alleged unlawful employment practice," and (4) that is where "the respondent has his principal office." The critical issue in this case, therefore, becomes whether the "convenience of parties and witnesses, in the interest of justice" requires a district court to transfer this civil action to the Shreveport Division of the Western District.

For reasons not readily discernable from the record or the parties' briefing, the Middle District Court waited some 13 months until July 2002, to rule on Horseshoe's motion to transfer. As indicated earlier, Horseshoe filed its motion to transfer timely and before it filed its answer and in our view disposition of that motion should have taken a top priority in the handling of this case by the Middle District Court. When it finally did rule the Middle District Court summarized its findings and conclusions in the following paragraph:

> In considering the relevant factors, the Court finds that, since the plaintiff, the defendant and presumably the witnesses, all reside in Caddo Parish, the factors of availability and convenience of witnesses, availability and convenience of the parties, and place of alleged wrong militate in favor of the requested transfer. On the other hand, the factors of possibility of delay or prejudice if transfer is granted, the location of counsel,8 and plaintiff's choice of forum seem to dictate that the requested transfer be denied.9 Since the relevant factors appear to be evenly divided between the two alternatives, the Court finds that defendant has failed to carry its burden of establishing that justice weighs substantially in favor of the requested *434 transfer of venue. Therefore, transfer of this litigation is not warranted and plaintiff's choice of forum will be honored.

In footnote 8, the Middle District Court pointed out that "Both parties are now represented by Baton Rouge counsel." In footnote 9, the Middle District Court indicated that it "Does not consider the factor regarding the location of books and records to be significant in the case because the implements of modern electronic imaging and document transfer

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

337 F.3d 429                                                                      Page 5

337 F.3d 429, 84 Empl. Prac. Dec. P 41,543, 84 Empl. Prac. Dec. P 41,544

(Cite as: 337 F.3d 429)

and retrieval will greatly reduce, if not eliminate any inconvenience to the parties in this regard."

[3] We think the District Court erred in concluding that the "relevant factors appear to be evenly divided between the two alternatives" and that in such circumstance "the plaintiff's choice of forum will be honored," for the following reasons:

[4] 1. The factor of "location of counsel" is irrelevant and improper for consideration in determining the question of transfer of venue. Neither the plaintiff nor the Middle District Court favored us with a citation to any Supreme Court or Circuit Court decision recognizing the appropriateness of this factor nor have they cited any statutory text or any legislative history indicating the intention of Congress that such a factor be considered in deciding a motion to transfer. Furthermore, at the time Horseshoe filed its motion to transfer, it was represented by counsel in Shreveport and the premise of the Middle District Court's reliance on this factor was not correct. The delay by the Middle District Court in ruling on the motion to transfer required Horseshoe to engage counsel in Baton Rouge to represent it in the ongoing matters before the Middle District Court. Such "boot strapping" of even a relevant factor, much less an irrelevant factor, should not be encouraged; and we hold that the Middle District Court erred in considering this factor and giving it equivalent weight in its decision-making process.

[5] 2. We think the Middle District Court erred in not giving significance to "the factor regarding the location of books and records." Where relevant employment records are maintained and administered is expressly stated as a venue factor in the special venue statute and should be weighed by a District Court in evaluating the "interest of justice" aspect of the motion to transfer.

[6] 3. We think the Middle District Court erred in considering and giving weight to the factor of "possibility of delay or prejudice if transfer is granted." There is absolutely nothing in the pleadings, briefs, or records of this case from which we can determine what specifically the Middle District Court had in mind in using the vague generalities of "possibility of delay or prejudice" if transfer is granted. We recognize that in rare and special circumstances a factor of "delay" or of "prejudice" might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence. No such evidence exists here in this case and we think the Middle District Court erred by considering and giving weight to the mere "possibility" of vague and indefinite circumstances.

4. Finally, we believe the Middle District Court erred in attributing decisive weight to the plaintiff's choice of forum. We believe that it is clear under Fifth Circuit precedent that the plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative. *Garner v. Wolfinbarger, supra* at 119. Obviously, to be considered at all, the plaintiff's choice of forum must be one which is permitted *435 under the relevant venue statute. The plaintiff did not allege that "any unlawful employment practice" was committed in the Middle District of Louisiana; there is nothing in this record to indicate that relevant employment records were maintained or administered in the Middle District of Louisiana; there is nothing in this record to indicate that the plaintiff "would have worked" for Horseshoe in the Middle District of Louisiana but for the alleged unlawful employment practice and there is nothing in this record to indicate that Horseshoe had any office of any kind in the Middle District of Louisiana.

The only basis upon which the Middle District Court could be a permitted venue under the Statute is the language which states:

"such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed."

Assuming, without deciding, that the Middle District Court was an appropriate venue for Plaintiff's suit, we nevertheless conclude that the Middle District Court clearly erred and abused its discretion in denying Horseshoe's motion to transfer. Clearly the Middle District Court found that the criteria of "convenience of the parties and witnesses" as specified in § 1404(a) "militated" in favor of granting the transfer in this case. Likewise the Middle District Court found that the statutory venue factor of "district in which the unlawful employment practice is alleged to have occurred" militated in favor of transfer to the Western District. Only by considering factors which are not mentioned in the special venue statute (i.e. "possibility of delay or prejudice" and "the location of counsel") and by disregarding other factors that are expressly stated in the special venue statute (i.e. location of books and records; place where plaintiff would have worked but for the unlawful practice; and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

337 F.3d 429

337 F.3d 429, 84 Empl. Prac. Dec. P 41,543, 84 Empl. Prac. Dec. P 41,544

(Cite as: 337 F.3d 429)

place where respondent has its principal place of business) was the Middle District Court able to create an evenly divided set of factors. If the two factors not mentioned in the venue statute are left out of the analysis and the three factors expressly mentioned in the venue statute but not considered by the Middle District Court are added into the analysis, the factors favoring transfer substantially out weigh the single factor of the place where plaintiff chose to file the suit.

Accordingly, we grant Horseshoe's petition for a writ of mandamus, vacate the order of the Middle District Court denying Horseshoe's motion for transfer, and remand this case to the Middle District Court with instructions to enter an order transferring this case to the docket of the Shreveport Division of the Western District forthwith.

BENAVIDES, Circuit Judge, dissenting:

I would deny the writ. All necessary facts and factors were considered by the district court and the transfer statute was properly construed. Under these circumstances we should not even attempt to weigh and balance the factors which the district court was required to consider in reaching its decision. *Ex parte Chas. Pfizer & Co.*, 225 F.2d 720 (5th Cir.1955). While purporting to review the district court's decision for a clear abuse of discretion, the majority in fact conducts a *de novo* review. I fear that the decision will lead to the filing of unnecessary and unwholesome pretrial mandamus petitions by parties aggrieved by rulings on motions to transfer brought under 28 U.S.C.A. § 1404(a). Mandamus is an extraordinary writ and should not be a substitute for appeal. We have decided that the writ should issue "only in the absence of other *436 adequate remedies when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court." *In re Chesson*, 897 F.2d 156, 159 (5th Cir.1990) (denying writ of mandamus) (citing *In re First South Savings Association*, 820 F.2d 700 (5th Cir.1987); *United States v. Crawford Enterprises*, 754 F.2d 1272 (5th Cir.1985)). This is not such a case.

For these reasons and for the reasons stated in my dissent to the panel's original opinion, [FN1] I would deny the writ.

FN1. *In re Horseshoe Entertainment*, 305 F.3d 354, 360-62 (5th Cir.2002) (Benavides,

J., dissenting).

337 F.3d 429, 84 Empl. Prac. Dec. P 41,543, 84 Empl. Prac. Dec. P 41,544

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.