IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMIE LEIGH JONES and<br>JOSEPH DAIGLE<br><br>  Plaintiffs,<br><br>vs.<br><br>HALLIBURTON COMPANY d/b/a<br>KBR KELLOGG BROWN & ROOT<br>(KBR); KELLOGG BROWN & ROOT,<br>SERVICES, INC.; KELLOGG<br>BROWN & ROOT INTERNATIONAL,<br>INC.; KELLOGG BROWN & ROOT,<br>LLC; KELLOGG BROWN & ROOT,<br>INC.; KELLOGG BROWN & ROOT,<br>S. de R.L.; KELLOGG BROWN &<br>ROOT (KBR), INC.; KBR<br>TECHNICAL SERVICES, INC.;<br>OVERSEAS ADMINISTRATIVE<br>SERVICES, LTD.; ERIC ILER,<br>CHARLES BOARTZ; SEVERAL<br>JOHN DOE RAPISTS, and THE<br>UNITED STATES OF AMERICA<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:07-CV-0295<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE

Defendants Halliburton, KBR, and OAS (collectively, "Defendants") file this reply to Plaintiffs' response[1] to Defendants' motion to transfer venue under 28 U.S.C. § 1404(a), and would show as follows:

Plaintiffs' response combines a healthy dose of feigned outrage with an apparent misunderstanding of Section 1404 transfer analysis, and does not even attempt to provide this Court with any substantive response to the specific reasons set forth in Defendants' motion in support of

---

[1] Because Plaintiffs have not moved for sanctions separately and with 21 days notice as Fed. R. Civ. P. 11(b) requires, Defendants do not address Plaintiffs' unsupported request for attorney's fees.

transferring this action to the Southern District. In short, Defendants' transfer motion must prevail because:

- A Section 1404 transfer motion must demonstrate that the lawsuit could be brought in another forum and that public and private interest factors favor the proposed transfer. Movants need not contest the propriety of venue in the proposed transferor forum.

- A plurality of the key non-party fact witnesses in this case live in the Houston area, while <u>none</u> live in Beaumont or even the Eastern District.

- The location of relevant employment records (here, Houston) is a relevant factor in Section 1404 transfer motions.

- The Southern District of Texas clearly has interest in providing a forum for litigating disputes arising from alleged acts or omissions by Southern District-based defendants in the Southern District. In contrast, Plaintiffs offer <u>no</u> justification for burdening this Court and jurors from the Eastern District with this case, which admittedly has <u>no nexus</u> with this forum.

I.    **The Elements of Section 1404 Analysis.**

Plaintiffs apparently failed to read beyond the fifth page of Defendants' 12-page motion, as they erroneously contend that "Defendant's [sic] entire motion rests on the notion that this cause 'could have been brought' in the Southern District." Response at ¶ 5. In fact, Defendants' motion is premised upon two points: 1) this action could have been brought in the Southern District[2] <u>and</u> 2) private and public interest factors favor transfer to the Southern District, a forum that actually has a connection to the facts, parties, and witnesses in this case. *See* Motion pp. 4-12. Moreover, Plaintiffs' suggestion that the supplemental Title VII venue provision somehow precludes a Section 1404 motion is simply wrong, as is apparent from the statute itself. 42 U.S.C. §2000e-5(f)(3); ***In re Horseshoe Entertainment***, 337 F.3d 429, 432-33 (5th Cir. 2003).[3]

---

[2] Contrary to Plaintiffs' insinuations, Defendants do not contend that this action cannot "be brought" in the Eastern District—if they did, they would have brought a Rule 12(b)(3)/Section 1406 motion to dismiss or transfer based upon <u>improper</u> venue. Notably, Defendants filed exactly such a motion in what Plaintiffs term a "companion case," *Barker, et al v. Halliburton Co., et al*, C.A. No. 1:07-CV-0294.

[3] As for Plaintiffs' comments regarding this "frivolous" motion and *In re Horseshoe Entertainment*, defense counsel has no interest in sparring on a personal level with Plaintiffs' counsel, but cannot condone the false representations Plaintiffs' counsel make regarding their communications with defense counsel. Defense counsel did forward a copy

## II.     Private and Public Interest Factors Favor Transferring This Case.

Plaintiffs' response to Defendants' discussion of the public and private interest factors favoring transfer is more sarcastic than substantive.  First, apparently loath to locate their own precedent, they cite Defendants' motion for the proposition that "a plaintiff's choice of forum is 'highly esteemed.'"  Response at ¶5a.  They conveniently omit the remainder of the sentence, which explains that such esteem is unwarranted where a plaintiff has no connection with the forum.  *See* Motion p. 8.  Indeed, this Court has held that "[d]eference to plaintiff's choice of forum disappears when the lawsuit has no connection…to the venue chosen."  *Reed v. Fina Oil and Chemical Co.*, 995 F.Supp.705 (E.D. Tex. 1998), *cited in, e.g., Thurmond v. Compaq Computer Corp.*, No. 1:99-CV-0711(TH), 2000 WL 33795090 *8 (E.D. Tex. March 1, 2000).  As Defendants argued in their motion, and Plaintiffs do not deny, this venue has no connection with this lawsuit.  Therefore, Plaintiffs' forum choice deserves no consideration.

Secondly, this court has identified the convenience of key non-party witnesses as the most important factor in a Section 1404 transfer analysis.  *See Thurmond*, 2000 WL 33795090 at *9.  As Defendants explained, a number of key non-party witnesses live in the Houston area,[4] while none live in Beaumont or even the Eastern District.  *See* Motion at 8-10.  Plaintiffs' nonsensical response to this information is "the extra few minutes on the road should not factor into the equation."  Response at ¶ 5b.  While Beaumont and Houston are not thousands of miles apart, Plaintiffs' argument begs the question:  What is more convenient, holding a trial where every non-party witness

---

of *In re Horseshoe Entertainment* to Plaintiffs' counsel in connection with this and the *Barker* case.  However, this was not a response to any request by Plaintiffs' counsel for Defendants to withdraw their motion; in fact, such a request has never been made.

[4] As an aside, Defendants never contended that witnesses in Houston were beyond the subpoena power of this Court; as this Court previously has pointed out, Federal Rule of Civil Procedure 45 (as revised in 1991) allows a court to compel a witness found in the state where the court sits to attend trial.  *See Thurmond*, 2000 WL 33795090 at *11. Because the witnesses are in Texas, this court could subpoena them whether they were 78 miles away or in El Paso.

3

will have to travel a <u>minimum</u> of 78 miles to reach the court, or holding a trial near the homes of a plurality of key non-party witnesses?

Additionally, Plaintiffs respond to Defendants' point that employment records for Jones are located in Houston with the unsupported assertion that "it should not matter where records are maintained." Reply at ¶5c. Notably, the (subsequently overruled) district court in *In re Horseshoe Entertainment* also refused to consider where records were maintained in a transfer analysis "because the implements of modern electronic imaging and document transfer and retrieval will greatly reduce, if not eliminate any inconvenience to the parties in this regard." *See* 337 F.3d at 434. However, the Fifth Circuit found the court's refusal to consider the location of records erroneous, at least in a case involving Title VII claims; "[w]here relevant employment records are maintained is expressly stated as a venue factor in the statute and should be weighed by a District Court in evaluating the 'interest of justice' aspect of a motion to transfer."[5] *Id.*

Plaintiffs' desperate, last-gasp argument (per usual, completely unsupported by authority) is that defendant Halliburton is a significant employer in Houston. Indeed, Halliburton employs many persons in the Houston area, but this fact weighs <u>in favor</u> of litigation in the Southern District. The Southern District clearly has an interest in providing a forum to corporations headquartered and engaging in substantial business operations there. It also has an interest in correcting unlawful employment practices occurring there. *See, e.g., Gajeske v. Wal Mart Stores, Inc*, No. 1-99-CV-777, 2000 WL 34401691 *6 (E.D. Tex. June 26, 2000)(citation omitted)("[p]ublic interest supports adjudication of the controversy in that locale"). In contrast, what interest do jurors in the Eastern District have in hearing and adjudicating the claims of a California-based employee and her husband about claims arising from alleged wrongful acts by Houston-based corporations that occurred in Houston and Iraq? *See Gajeske*, 2000 WL 34401691 at *6 (considering the "[f]airness of placing the

---

[5] Plaintiffs highlighted this sentence in Exhibit A to their response, but fail to acknowledge this clear precedent in their response.

burdens of jury duty on the citizens of the state with the greater interest in the dispute"). Moreover, Plaintiffs' insinuations that Halliburton's presence in Houston would adversely affect their ability to empanel an impartial jury are farcical. Houston is not a company town, but the fourth largest city in America. Any concerns of juror bias can be remedied by voir dire.[6]

In conclusion, Plaintiffs' attempts to cloud the relevant law and facts, however imbued with simulated indignation, cannot prevail. As Defendants have shown, this lawsuit could have been brought in the Southern District, and should be transferred there because it is both the most convenient forum for the most non-party witnesses and the only domestic forum with any connection to Plaintiffs' underlying allegations. Plaintiffs' selection of this forum exceeds the boundaries of fairness, convenience, and judicial economy, and cannot be honored.

Respectfully submitted,

/s/ M.C. Carrington
M. C. Carrington, Of Counsel
State Bar No. 03880800
MEHAFFYWEBER
Post Office Box 16
Beaumont, Texas 77704
Telephone 409/835-5011
Telecopier 409/835-5177

/s/ Shadow Sloan
SHADOW SLOAN
State Bar No. 18507550
V. LORAINE CHRIST
State Bar No. 24050417
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone (713) 758-3822
Telecopier (713) 615-5933

ATTORNEYS FOR DEFENDANTS
KELLOGG BROWN & ROOT,
HALLIBURTON AND OVERSEAS

---

[6] Indeed, Defendants likely will encounter potentially biased jurors in any forum as a result of inflammatory propaganda of the sort Plaintiffs' counsel found appropriate to attach to their pleadings. *See* Exhibit A.

ADMINISTRATIVE SERVICES, LTD.

## CERTIFICATE OF SERVICE

    I hereby certify that on this 25th day of June 2007 a true and correct copy of the foregoing document was filed electronically by using the CM/ECF and/or by first-class mail, return receipt requested, on Plaintiff's counsel:

| | |
|---|---|
| L. Todd Kelly<br>The Kelly Law Firm, P.C.<br>One Riverway Drive, Suite 1150<br>777 South Post Oak Lane<br>Houston, Texas 77056-1920 | Paul Waldner<br>Vickery, Waldner & Mallia, L.L.C.<br>One Riverway, Suite 1150<br>Houston, Texas 77056 |
| Stephanie M. Morris<br>Attorney at Law<br>1660 L Street N.W., Suite 506<br>Washington, D.C. 20036 | |

___/s/ Shadow Sloan_____<br>Attorney for Defendant