IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMIE LEIGH JONES and <br> JOSEPH DAIGLE <br><br> Plaintiffs, <br><br> vs. <br><br> HALLIBURTON COMPANY d/b/a <br> KBR KELLOGG BROWN & ROOT <br> (KBR); KELLOGG BROWN & ROOT, <br> SERVICES, INC.; KELLOGG <br> BROWN & ROOT INTERNATIONAL, <br> INC.; KELLOGG BROWN & ROOT, <br> LLC; KELLOGG BROWN & ROOT, <br> INC.; KELLOGG BROWN & ROOT, <br> S. de R.L.; KELLOGG BROWN & <br> ROOT (KBR), INC.; KBR <br> TECHNICAL SERVICES, INC.; <br> OVERSEAS ADMINISTRATIVE <br> SERVICES, LTD.; ERIC ILER, <br> CHARLES BOARTZ; SEVERAL <br> JOHN DOE RAPISTS, and THE <br> UNITED STATES OF AMERICA <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:07-CV-0295 <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DEEM ADMISSIONS**

Defendants Halliburton, KBR, and OAS (collectively, "Defendants") respond to Plaintiffs' motion to deem requested admissions admitted, Doc. 27, as follows:

This lawsuit was filed May 16, 2007. Doc. 1. The court has not yet set a date for the parties' scheduling conference, nor a date by which a scheduling order is due under FED. R. CIV. P. 16(b).[1] Therefore, Plaintiffs and Defendants have yet to confer as required by FED. R. CIV. P. 26(f).

---

[1] Indeed, at this early stage in the litigation not all defendants have been served.

FED. R. CIV. P. 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." *See, e.g., Riley v. Walgreen Co.*, 233 F.R.D. 496, 499 (S.D. Tex. 2005) ( noting that Rule 26(d)'s restriction "sweeps broadly," and explaining that "the discovery bar facilitates the goal of orderly, efficient, and economical discovery by creating an incentive to meet and devise a joint discovery plan at an early stage of litigation"). Furthermore, FED. R. CIV. P. 36, which governs requests for admission, states that "[w]ithout leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d)." Plaintiffs' requests clearly were premature, and under the applicable rules the time for Defendants' responses cannot have even begun to run.[2]

For these reasons, Defendants respectfully request that Plaintiffs' motion be dismissed.

Respectfully submitted,

 /s/ M.C. Carrington
M. C. Carrington, Of Counsel
State Bar No. 03880800
MEHAFFYWEBER
Post Office Box 16
Beaumont, Texas  77704
Telephone  409/835-5011
Telecopier 409/835-5177

---

[2] Had Plaintiffs attempted to confer with Defendants, as they were required to do by Local Rule 7(h), Defendants could have explained the rules in an attempt to avoid involving the court in this.

/s/ Shadow Sloan
SHADOW SLOAN
State Bar No. 18507550
V. LORAINE CHRIST
State Bar No. 24050417
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone (713) 758-3822
Telecopier (713) 615-5933

ATTORNEYS FOR DEFENDANTS
KELLOGG BROWN & ROOT,
HALLIBURTON AND OVERSEAS
ADMINISTRATIVE SERVICES, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2007 a true and correct copy of the foregoing document was filed electronically by using the CM/ECF and/or by first-class mail, return receipt requested, on Plaintiff's counsel:

L. Todd Kelly
The Kelly Law Firm, P.C.
One Riverway Drive, Suite 1150
777 South Post Oak Lane
Houston, Texas 77056-1920

Paul Waldner
Vickery, Waldner & Mallia, L.L.C.
One Riverway, Suite 1150
Houston, Texas 77056

Stephanie M. Morris
Attorney at Law
1660 L Street N.W., Suite 506
Washington, D.C. 20036

/s/ Shadow Sloan
Attorney for Defendants

Houston 3314470v.1