

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| JAMIE LEIGH JONES and JOSEPH DAIGLE, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § § | CIVIL ACTION NO. 1:07-CV-295-TH<br>JURY |
| HALLIBURTON COMPANY et al., | § § | |
| *Defendants.* | § § | |

# ORDER OF TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Before the Court is *Defendants KBR, Halliburton, and OAS's Motion to Transfer Venue Under 28 U.S.C. § 1404* [Clerk's Docket No. 21] filed June 11, 2007. Having considered the motion, response, and reply, the Court is of the opinion that the motion should be granted.

### I. BACKGROUND

Plaintiffs Jamie Jones and Joseph Daigle currently live in Coronado Island, California. Defendant Halliburton Company is a Delaware corporation with its principal place of business in Houston, Texas. Defendant Kellogg Brown & Root, Inc. (KBR) is incorporated in Delaware and headquartered in Houston, Texas. Defendant Overseas Administrative Services (OAS) is incorporated in the Cayman Islands with its primary place of business in Dubai, United Arab Emirates. Defendant Charles Boartz is believed to be a resident of the State of Florida.

Plaintiffs bring a variety of claims in this action, including: (1) tort claims related to sexual

harassment and assault Ms. Jones claims she experienced while working in Iraq for OAS; (2) sexual harassment and retaliation claims under Title VII based upon events Ms. Jones claims took place while she was working for KBR in Houston and for OAS in Iraq; (3) breach of contract claims with respect to an agreement made between Ms. Jones and OAS in Houston, Texas; and (4) fraudulent inducement claims arising from representations allegedly made when Ms. Jones was being recruited for overseas work and processed by KBR Technical Services, Inc. in Houston, Texas prior to her employment with OAS in Iraq.

Defendants Halliburton, KBR, and OAS seek transfer of this action to the Houston Division of the Southern District of Texas on the ground that a sufficient connection between the Eastern District of Texas and the claims alleged by plaintiffs is lacking. The Court agrees.

## II. FINDINGS

The Court **FINDS** that the defendants have demonstrated that the private interest factors substantially weigh in favor of transfer to the Houston Division of the Southern District of Texas.

The Court **FURTHER FINDS** that the defendants have demonstrated that the public interest factors substantially weigh in favor of transfer to the Houston Division of the Southern District of Texas.

## III. ORDER

**IT IS THEREFORE ORDERED** that *Defendant KBR, Halliburton, and OAS's Motion to Transfer Venue Under 28 U.S.C. § 1404* [Clerk's Docket No. 21] is in all things **GRANTED**.

**IT IS FURTHER ORDERED** that this action is hereby **TRANSFERRED** to the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. § 1404(a) for the convenience of parties and witnesses and in the interest of justice.

**SO ORDERED.**

**SIGNED** this the **24** day of **July, 2007.**

_____
Thad Heartfield
United States District Judge